■ GLORIA SPEIER et al., Appellants, v. ST. FRANCIS CHURCH et al., Respondents.— In an action to recover damages for personal injuries, the appeal is from an order granting a motion to dismiss the complaint for lack of prosecution. Appeal purporting to be by Marie Speier dismissed, without costs, and without prejudice to an application, on papers showing a meritorious cause of action and that the delay was excusable and not prejudicial, by an appropriate representative, after appointment as such, for his substitution as a party plaintiff in place of Marie Speier, for the vacation of the dismissal and the restoration of the action to the calendar. Order insofar as it affects Gloria Speier unanimously affirmed, without costs, and without prejudice to an application, on papers showing a meritorious cause of action and that her delay, up to the time of the entry of the order now under review, in failing to move to restore the action to the calendar was excusable and not prejudicial. The action was marked off the calendar in January, 1955 on the failure of counsel on both sides to appear, the exact date not being stated. In January, 1956 this motion was made, pursuant to section 181 of the Civil Practice Act, to dismiss the action for failure to prosecute. In opposition, the "plaintiffs'" attorney submitted his affidavit in which he stated that the case had been marked off the calendar while he was in Florida. He stated that Marie Speier had died, that he had instituted a proceeding to administer the estate, and that the plaintiffs would be unable to proceed with the case until a representative was appointed. He requested that the court grant time to complete the estate matter and deny the motion. There was no statement as to the date of death, and no affidavit of merit was submitted in opposition to the motion. Were the death of a party plaintiff not involved and were the issue solely discretionary, the affidavit submitted in opposition would not have warranted denial of the motion (*Walsh* v. *Riley's Arrowhead Inn*, 2 A D 2d 714). However, the fact that Marie Speier was dead and that no representative had been appointed and substituted as a party plaintiff alters the situation. So far as the record or briefs indicate, no representative has yet been appointed. Therefore, this court has no jurisdiction to pass on the merit of the appeal purporting to be by

the deceased plaintiff (*Bronheim* v. *Kelleher*, 258 App. Div. 972). Moreover, the notice of appeal, insofar as it purports to be by the said decedent is void and cannot bring the appeal before this court (*Matter of Huberman* v. *O'Connell*, 282 App. Div. 762, 770). However, the Special Term had neither power nor jurisdiction to dismiss the complaint of the decedent. (Civ. Prac. Act, § 478; *Wanamaker* v. *Springstead*, 274 App. Div. 1008; *Grant* v. *Griswold*, 21 Hun 509, 513, appeal dismissed 82 N. Y. 569; *Nicholson* v. *McMullen*, 176 Misc. 693.) Upon the motion which the representative of the decedent may hereafter make the questions of merit and laches may be considered (*Pringle* v. *Long Is. R. R. Co.*, 157 N. Y. 100). Both plaintiffs, who were related, were injured in the same accident. Since the aforesaid representative may hereafter move as indicated, the interests of justice require that the surviving plaintiff also be afforded permission to move, upon proper papers, to vacate the dismissal and to restore the case to the calendar. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.