denying appellant's motion to change the place of trial from Kings County to Sullivan County, where the accident occurred, on the ground that the convenience of witnesses and the ends of justice will be promoted thereby (Civ. Prac. Act, § 187). Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ OLLIE WRIGHT, Respondent, v. JACQUELINE A. W. HALL, Also Known as JACQUELINE BROWN, Appellant.— In an action to recover damages alleged to have been sustained by reason of fraudulent inducement to convey an interest in real property, the appeal is from a judgment entered after trial before an Official Referee, in favor of respondent for $6,750. Judgment reversed, without costs, and a new trial granted. In our opinion, the proof adduced is insufficient to sustain the finding of fraud. Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.

■ ANNA ZEIGER, Appellant, v. KEW TOWERS, INC., Respondent.— In an action to recover damages for personal injuries, the appeal is from an order granting respondent's motion, made pursuant to section 181 of the Civil Practice Act and rule 156 of the Rules of Civil Practice, to dismiss the complaint for failure diligently to prosecute the action. Order reversed, without costs, and motion denied upon condition that within 30 days after the entry of the order hereon the appellant pay $50 to the respondent and file a note of issue for the next available term; otherwise, order affirmed, without costs. While ordinarily the determination of the learned Justice at Special Term on a motion of this character would not be disturbed, nevertheless, in view of the extraordinary combination of the several serious misfortunes which affected appellant's attorney and disabled him from prosecuting this action diligently, and in view of the absence of any substantial prejudice to respondent, we are constrained in the interests of justice to deny the motion to dismiss for lack of prosecution, provided that appellant comply with the conditions stated. Nolan, P. J., Wenzel, Beldock and Hallinan, JJ., concur; Ughetta, J., not voting.

## (June 15, 1959)

■ THOMAS L. BRENNAN, Appellant, v. JAMES M. BRENNAN et al., Respondents.— Motion referred to the court that rendered the decision. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ. Motion for reargument denied, without costs. Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.

■ MARJORIE GLICKMAN, Appellant, v. HOME TITLE GUARANTY COMPANY, Respondent.— Motion for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ In the Matter of JOHN M. COLEMAN for Reinstatement as an Attorney. — Motion for permission to withdraw resignation and for other relief denied. Present — Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ.

■ MORRIS J. KAPLAN et al., Appellants, v. MELVIN SACKS, Respondent. ALVIA SACKS, Respondent.— Motion by the witness-respondent for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Kleinfeld, JJ.

■ MORRIS J. KAPLAN et al., Appellants, v. MELVIN SACKS, Respondent. ALVIA SACKS, Respondent.— Motion by respondent for leave to appeal to the Court of Appeals denied. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.