Jacob J. Schwartzwald, J.
On this motion to set aside the plaintiffs’ default in failing to appear in opposition to two motions brought on by the defendants severally, constituting two individuals and the City of New York, to dismiss unconditionally the complaint in a negligence action for lack of prosecution under rule 156 of the Rules of Civil Practice, the defendants consented in opeil court to vacate the default in appearance and proceed to argue the principal motions to dismiss.
It appears that the infant plaintiff, when 4% years of age, was caused to sustain a compound fracture of both bones of the left lower leg as a result of an accident which occurred when the tricycle which she was riding came into contact with a large circular hole in the sidewalk abutting the front of the premises owned by the individual defendants.
The action has been at issue for more than three years. The attorney for the plaintiffs urges in extenuation that while in the process of being involuntarily forced to vacate the offices which he occupied in a building, acquired in condemnation by the City of New York in connection with the new Civic Center in Brooklyn, he was compelled to maintain his files in packing cases for a considerable period of time ‘ ‘ long before the actual move in September of 1958 He states “ he was forced to make ready to move at a moment’s notice * * * never knowing when the final notice would be given him. ’ ’
Where an action has merit and no prejudice has resulted, the court is of the opinion that the misfortune of the attorney, resulting from the unusual combination of circumstances stemming from the condemnation of an office building, the attendant problem of locating new offices in competition with all the other tenants being similarly displaced, and the re-establishment of a properly functioning law office elsewhere, should not be visited upon the infant plaintiff (Zeiger v. Kew Towers, 8 AD 2d 827).
One of the defendants urges that plaintiffs be denied any consideration on the ground that the plaintiffs have not submitted an affidavit of merits. Certainly, it is not expected that the infant plaintiff, due to her youth, could properly swear to an affidavit. However, the court finds sufficient facts in the attorney’s affidavit and in the papers on file in this case Avarranting *883 a finding of merits as to the infant’s cause of action. Better practice dictates that an adult party should submit an affidavit of merits. Nevertheless, it is apparent from the serious injuries sustained by the infant that the father’s derivative cause of action herein for medical expenses and loss of services would also have merit. Furthermore, where there are two plaintiffs joined in a single complaint, both having sustained damages by the same occurrence, it would seem that the interests of justice require treating both plaintiffs in similar manner and according each the same relief. (See Speier v. St. Francis Church, 3 AD 2d 732, 733.)
Where, as here, and under the circumstances herein disclosed, there is involved an infant’s meritorious cause of action and there having been made no showing that defendants have sustained any substantial prejudice due to the delay in prosecuting the action, the court is of the opinion that the proper exercise of discretion requires the denial of defendants’ motions. (See Levine v. Board of Educ., 153 N. Y. S. 2d 304.)
Motions to dismiss for lack of prosecution denied on condition that plaintiffs file their note of issue for the March 1960 Term. Settle one order on notice.