■ MARY MEIER et al., Appellants, v. PAUL R. SHIVELY, Respondent.— Order denying motion for substitution of administrator as party plaintiff and to restore the cause to the calendar and granting the cross motion to dismiss for neglect to prosecute modified on the law to the extent of denying the cross motion and otherwise affirmed, with $20 costs and disbursements to the respondent. The cross motion to dismiss for neglect to prosecute was improperly granted. Section 88 of the Civil Practice Act appears to afford the exclusive method by which the abatement of a deceased's cause of action may be affirmatively effected. The procedure there set forth was not followed here and Special Term did not have the power to dismiss for neglect to prosecute (*Speier* v. *St. Francis Church,* 3 A D 2d 732). This result logically follows from the denial of the application for leave to substitute the administrator since the action may not be dismissed as against one who is not a party. However, the granting or denying of the application of the administrator seeking his substitution as a party plaintiff and for the continuance of the action lies within the discretion of the court and the question of laches may be considered in connection therewith (*Pringle* v. *Long Is. R. R. Co.,* 157 N. Y. 100). Although the deceased plaintiff died in August, 1953 and the administrator was appointed in July, 1955, no steps were taken to prosecute the action until this application was made in March, 1959, almost seven years after the occurrence giving rise to the cause of action, five and one-half years after the death of the plaintiff and three and one-half years after letters of administration had been issued. Such extensive delay and the less than satisfactory excuse offered in explanation thereof warranted Special Term's denial of the relief sought as a proper exercise of discretion. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.

■ EMILIE H. CACHELIN, Appellant, v. ALFRED M. CACHELIN, Respondent. — Appeal from order granting motion seeking to vacate a notice of examination before trial, dismissed, without costs. The original pleadings having been superseded by an amended complaint and an answer thereto, any questions concerning the propriety of examinations before trial based upon the original pleadings are rendered moot. The dismissal of this appeal is not to be deemed an indication of either approval or disapproval by this court of Special Term's basic disposition of the matter and any questions arising out of subsequent demands for examinations before trial, if made, shall be determined *de novo* without reference to the order herein appealed from. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ.