Michael Catalano, J.
This is an application for an order invalidating the petition of William A. Heilig filed with the Board of Elections, Erie County, for the Republican nomination of State Committeeman in the Eighth Assembly District (male) in said county.
This petition was filed on May 3, 1960, containing 782 signatures, of which 247 were found by said board to be invalid, leaving 535 valid; 250 are required.
Section 135 of the Election Law, entitled: ‘ ‘ Form of designating petition, ’ ’ provides, in part: “ 1. The sheets of a designating petition shall be numbered consecutively, beginning with number one, at the foot of each sheet and must set forth in every instance the full name of the signer, his residence, ward (except in the city of New York), and the date when the signature is affixed * * * A signer need not himself fill in the date, residence, ward, election district, town or city or assembly district.” (L. 1954, ch. 745, § 1.)
*510 The petitioner Vukelic (herein referred to as “ petitioner ”) has the burden of proof. (Matter of Ecker v. Cohen, 239 App. Div. 145, 146.) Absentee signatories cannot be counted; signatories without address stated cannot be counted; sheets omitting residences of subscribing witnesses cannot be counted; unauthorized signatures by spouses may not be counted. (Matter of Le Sawyer v. Board of Elections, 207 Misc. 12, 15, 16.) Sheets containing changes made by another subsequent to the signing by the subscribing witness are deemed fraudulent (Norton v. Power, 135 N. Y. S. 2d 225, 227), especially the date of the witness’s statement (Matter of Anderson v. Power, 1 A D 2d 603, affd. 1 N Y 2d 868) and the date of signing by each signatory (Matter of Byrnes v. Board of Elections, 134 N. Y. S. 2d 257, 261, affd. 284 App. Div. 847) and the exact number of authenticated signatures as evidenced by cross-outs and insertions of numerals in ink different in color and handwriting from the remaining handwriting of the witness’s statement. (Matter of Mastantuono v. Meisser, 180 Misc. 666, affd. 266 App. Div. 919.) Signatories who did not sign in the presence of the subscribing witness may not be counted. (Matter of Kerns v. Whiting, 187 Misc. 656, 659.)
Where a candidate actively aided and participated in the presentation of a forged petition, the entire petition is invalid, although containing sufficient valid signatures. (Matter of Weisberger v. Cohen, 22 N. Y. S. 2d 1011, affd. 260 App. Div. 392. See, also, Matter of Bloom v. Power, 21 Misc. 2d 881, affd. 191 N. Y. S. 2d 152; Matter of Johnson v. Westall, 208 Misc. 360, affd. 286 App. Div. 966; Matter of Burns [Sullivan], 199 Misc. 1005, affd. 278 App. Div. 1023, affd. 303 N. Y. 601.)
In this case, respondént Heilig (herein referred to as “ respondent ”) managed and directed the entire procedure of collecting signatures on the 40 sheets comprising his petition, through a small steering committee worldng out of the kitchen in his home. The subscribing witnesses to each sheet were his fellow employees, fellow club members or personal friends, with rare exceptions.
The ‘ ‘ normal procedure ” followed was that respondent looked over these sheets with his committee and made corrections in them. They worked on these sheets for one week, 10 days or 12 days. They processed most of these sheets by ‘ ‘ filling in the wards and districts, making any corrections, completing an address or filling the wards and districts in the town.” Petition sheets were delivered to respondent’s home over a period of ‘e roughly 3 weeks”. All 40 sheets were delivered to the *511 respondent who checked each one, as he put it: “I helieve I summed it up this way, that maybe we would check them two or three times before they were finally submitted to the Board of Elections.”
The respondent has gone through this procedure three times, the first was in 1957 as an independent Republican candidate for Councilman, Town of Hamburg, the second was in 1959 for the same office and the third is the one at bar.
Each sheet of respondent’s petition will be considered as to void signatures, if any, not already invalidated by the Board of Elections.
Sheet 1. No full name on lines 2, 5, 17, 19, 20. The number “25” was crossed out and “24” inserted in the witness’s statement, after its submission to respondent. All were declared invalid by the board.
Sheet 2. The respondent filled in the date in the "witness’s statement after submission to him. Entire sheet void. Nineteen remaining signatures are void.
Sheet. 4. Respondent filled in the number in the witness’s statement. The subscribing witness circulated it over three days, the respondent filled one date for all signatures. Twenty-one remaining signatures are void.
Sheet 6. Respondent filled in each town after each signature after submission to him. Seventeen remaining signatures are void.
Sheet 7. Respondent filled in the date in witness’s statement after submission to him. Twenty-two remaining signatures are void.
Sheet 8. Lines 9,10, 25 not witnessed by subscribing witness. Three more signatures are void.
Sheet 10. The town in lines 5 and 6 was changed by respondent after submission to him. The subscribing witness circulated this over a period of days and the respondent inserted one date before all signatures and the date in the witness’s statement. Twenty-three remaining signatures are void.
Sheet 11. The strike outs as to residence of the subscribing witness, the number of signatories and the date of the witness’s statement were all made by the respondent or his committee. Six remaining signatures are void.
Sheet 12. The respondent or his committee changed the town in lines 11,12,13,14,15,16,17, 21, 22 and 25. All were declared invalid by the board.
Sheet 16. Witness did not witness any of the signatures. All were declared invalid by the board.
*512 Sheet 17. All of these signatories signed the petition of the petitioner. They could not keep their promise to support the respondent. Twenty-four remaining signatures are void.
Sheet 18. Respondent inserted town in lines 10, 11, 12, 13, after submission to him. Four more signatures are void.
Sheet 19. Witness did not see signatories sign. Twenty-one remaining signatures are void.
Sheet 20. The respondent inserted a different number in the witness’s statement after submission to him. Witness did not see signatories sign. Twenty-one remaining signatures are void.
Sheet 21. Witness did not see signatories sign. Twenty-one remaining signatures are void.
Sheet 22. Respondent filled in each residence after each signature after submission to him. Twenty-three remaining signatures are void.
Sheet 23. Same as sheet 22. Twenty-five signatures are void.
Sheet 25. Respondent inserted the town after each signature on lines 6 through 25, then inserted the residence of the subscribing witness. Twenty-four remaining signatures are void.
Sheet 26. Respondent inserted the town after each signature on lines 2, 3, 4, 5, 6,10,11,12,13,14,15, 16-17, 18, 20, 21, 22, 23, 24, 25, then he filled in the date and number of signatories in the witness’s statement, after submission to him. Twenty remaining signatures are void.
Sheet 27. Respondent changed the number of signatories in the witness’s statement, after submission to him. All signatures were found invalid by the board.
Sheet 28. Same as sheet 27. Eight remaining signatures are void.
Sheet 30. Respondent inserted the town on line three, after submission to him. The signatures on lines 5, 6, and 7 were not witnessed by the subscribing witness. Four more signatures are void.
Sheet 31. Respondent inserted the date, the district, the residence and the city, in the witness’s statement after submission to him. Nine remaining signatures are void.
Sheet 32. Respondent inserted the date in the witness’s statement after submission to him. The witness’s wife, who is not a Republican, obtained signatures on lines three to nine, inclusive. Eight remaining signatures are void.
Sheet 34. Respondent completed the witness’s statement except for the witness’s signature. Although the respondent and his wife signed as signatories, the witness did not see them sign. Three signatures are void.
*513 Sheet 35. Respondent changed each town on lines one through nine inclusive, inserted the date and address in the witness’s statement after submission to him. Three remaining signatures are void.
Sheet 36. Respondent changed the date in the witness’s statement after submission to him. Eight remaining signatures are void.
Sheet 37. Same as sheet 36. Five remaining signatures are void.
Sheet 39. Respondent filled in the entire witness’s statement, except the signature, after submission to him. Eleven remaining signatures are void.
Sheet 40. Respondent changed every town on every line, inserted the date and the address in the witness’s statement. Twenty-two remaining signatures are void.
Thus, 375 more signatures are void, leaving only 160 valid signatures.
Few indeed were the petition sheets that did not contain significant markings and weirds from the respondent’s pen. An Eisenhower on the field of battle for signatures, the respondent planned and directed all strategic moves. The final decisions of inclusions, exclusions and corrections in the sheets were left to the respondent by the subscribing witnesses. Such close co-operation leads to the inescapable conclusion that the acts and omissions of the witnesses were those of the respondent. Thus, he is accountable for not only his but also their irregularities.
It follows that the petition of William A. Heilig for the Republican party position of member of State Committee (male), Eighth Assembly District, Erie County, New York, is insufficient and void and that the Commissioners of Elections of Erie County, New York, shall correct their files and records accordingly.