FRANK ARENA et al., Respondents, v. FILOMENA MANGANELLO, as Executrix of RALPH MANGANELLO, Deceased, et al., Appellants.— Appeal by defendants from an order of the Supreme Court, Nassau County, dated February 19, 1968, which denied their motion to dismiss the complaint on the ground that it fails to state a cause of action. Appeal dismissed insofar as it purports to be by defendants Prezzano and Gentile, without costs. Order affirmed insofar as it affects the remaining defendants, with $10 costs and disbursements against said defendants. The time within which said remaining defendants may answer the complaint is extended until 20 days after entry of the order hereon. It appears that prior to the making of the motion presently under review defendant Prezzano died and that after the order appealed from was made, but prior to the taking of the appeal, defendant Gentile died. There has been no substitution for either of these two defendants. Hence the notice of appeal, insofar as it purports to be by them, is void and cannot bring the purported appeal by them before this court; and Special Term lacked jurisdiction to pass on the motion insofar as it was purportedly made by Prezzano (*Warren* v. *Cole*, 29 A D 2d 988; *Chimenti* v. *Hertz Corp.*, 25 A D 2d 562; *Matter of Huberman* v. *O'Connell*, 282 App. Div. 762). Beldock, P. J., Christ, Rabin, Hopkins and Benjamin, JJ., concur.

CATHERINE BUCKLEY, Plaintiff, v. FRANCIS COSTELLO et al., Defendants. (Action No. 1.) FREDINE GASTON et al., Appellants, v. FRANCIS COSTELLO et al., Respondents. (Action No. 2.) MICHAEL WALSH, Plaintiff, v. FRANCIS COSTELLO et al., Defendants. (Action No. 3.)— Order of the Supreme Court, Queens County, dated December 7, 1967, which denied appellants' motion to amend their bill of particulars, reversed, on the law and the facts, without costs, and motion (1) granted on condition appellant Ferdine Gaston submit to a pretrial physical examination and appellants submit to oral pretrial examinations, within 30 days after entry of the order hereon, if respondents shall demand such examinations upon 10 days' written notice; and (2) denied in the event appellants default in submitting to such examinations after such demand. In our opinion, under all the circumstances, the exercise of a sound discretion and the interests of justice require that appellants be allowed to amend their bill of particulars to include additional claimed injuries and expenses upon the condition stated. Christ, Acting P. J., Brennan, Benjamin, Munder and Martuscello, JJ., concur.

MARTHA W. COHEN, Respondent, v. ESTHER COHEN, Individually and as Executrix of ALBERT P. COHEN, Deceased, Defendant, and NATIONAL GASKET & WASHER MFG. CO., INC., Appellant.— Appeal by defendant National Gasket & Washer Mfg. Co., Inc., from an order of the Supreme Court, Westchester County, dated November 30, 1966, which granted its motion "only to the extent of dismissing the amended complaint" with leave to plaintiff to serve a second amended complaint. Appeal dismissed as moot, with $10 costs and disbursements to respondent. The appeal is moot because a new complaint was served by respondent, pursuant to the leave granted by the order appealed from, and that new complaint has superseded the one attacked by the motion at Special Term. In any event, we have examined the merits of this appeal and we would have affirmed the order of Special Term if we were not dismissing the appeal. Rabin, Acting P. J., Hopkins, Benjamin, Munder and Martuscello, JJ., concur.