WILLIAM J. TRACY, Individually and as Father and Natural Guardian of LESLIE TRACY, an Infant, Appellant, v. GERALD LUDWIG et al., Respondents. — In consolidated negligence actions to recover damages for personal injuries, plaintiffs appeal from an order of the Supreme Court, Orange County, entered June 11, 1973, which denied their motion to vacate a conditional order of preclusion obtained by defendant Gerald Ludwig, without prejudice to renewal before the Trial Justice. Appeal dismissed, without costs and without prejudice to such further proceedings with respect to defendant Ludwig (now deceased) as plaintiffs may be advised. The order appealed from denied plaintiffs' motion to vacate the order of preclusion, without prejudice to its renewal before the Trial Justice "who will be in a position to determine whether prejudice will result to the estate of the defendant LUDWIG." There is no indication in the record that an executor or administrator of Ludwig's estate has been substituted as a party defendant and the brief of "Defendant-Respondent, Gerald Ludwig" states that no action in this direction has been taken. Under the circumstances, the appeal must be dismissed (*Chimenti* v. *Hertz Corp.,* 25 A D 2d 562; *Thompson* v. *Kramer,* 23 A D 2d 746; *Goldbard* v. *Kirchik,* 20 A D 2d 725). It further appears from the exhibit appended to the above-mentioned brief that Ludwig died before service of the answer and the demand for a bill of particulars purportedly on his behalf. It should be noted that Special Term lacked jurisdiction as to him in all of the proceedings which have taken place since his death (*Chimenti* v. *Hertz Corp., supra*). The order appealed from did not concern defendants Clifford. Martuscello, Acting P. J., Christ, Brennan, Benjamin and Munder, JJ., concur.