■ CHARLES KUCHER, Plaintiff, v CARL J. KUCHER, Respondent, and

ADELINE DUNPHY, Intervenor-Appellant.—In an action to set aside certain deeds based on fraud, intervenor appeals from (1) an order of the Supreme Court, Queens County, dated December 12, 1975, which, *inter alia,* denied her motion to compel defendant to comply with a certain stipulation of settlement, and did so with leave to commence a plenary action to enforce the stipulation and (2) a further order of the same court, dated February 20, 1976, which denied her motion, *inter alia,* for the substitution of parties. Order dated February 20, 1976 reversed, and motion granted. Order dated December 12, 1975 reversed, motion granted, and defendant is directed to comply with the stipulation of settlement, and action remanded to Special Term for a hearing to determine the amount of net expenses, if any, chargeable to appellant for maintenance of the property, and for the entry of an appropriate amended order or judgment thereon. Appellant is awarded one bill of $50 costs and disbursements to cover both appeals. Plaintiff commenced this action against his son to set aside two deeds based on fraud. The plaintiff died before the action came on for trial. It proceeded with plaintiff's daughter and widow representing his interest. At that time both the daughter and widow should have been substituted as parties to the action (see CPLR 1015, subd [a]). For some reason not explained on this record, they were not substituted. However, defendant, with full knowledge of his father's death, raised no objection and, during the course of the trial, the parties entered into a stipulation whereby defendant agreed to deed 40% of the property to his sister. Defendant has failed to comply with the stipulation and intervenor brought on a motion to enforce the stipulation. Under these circumstances an actual, if not formal, substitution of parties had already occurred and it was error to deny intervenor's motion to be formally substituted as a party to the action. She is entitled to enforcement of the stipulation of settlement, subject to defendant's claims for moneys expended in maintaining her part of the property. Hopkins, J. P. Rabin, Shapiro and O'Connor, JJ., concur.