■ ALFRED HEMPHILL, Appellant, v HENRY ROCK et al., Respondents. — In an action to recover damages predicated upon the alleged malpractice of the defendant podiatrists, plaintiff purportedly appeals from two orders of the Supreme Court, Kings County (Shaw, J.), dated February 2, 1981 and May 4, 1981, which, respectively, (1) denied plaintiff's purported motion to amend the title of the action and granted defendants' cross motion to dismiss the action for failure to timely substitute as plaintiff the administrator of plaintiff's estate, and (2) denied plaintiff's purported motion for reargument. Purported appeals dismissed, without costs or disbursements. The alleged malpractice giving rise to this litigation occurred in 1971; the action was commenced in 1972 and plaintiff died in 1976. In March, 1977 an administrator was appointed for plaintiff's estate. Adjournments of depositions were consented to through April, 1978 by plaintiff's purported attorney of record. By motion returnable December 22, 1980 purported trial counsel moved on plaintiff's behalf to substitute the administrator as plaintiff; however, there is neither allegation nor proof in the record to indicate by what authority these attorneys acted in moving at Special Term and arguing before this court. The record is equally silent about the cause of, or an excuse for, the tardiness with which these steps were taken by plaintiff's purported attorneys, and about the putative merits of the causes of action (see *Meier v Shively,* 10 AD2d 566). Upon plaintiff's death his attorneys' authority to act on his behalf terminated (see *Hart v Blabey,* 286 NY 75; cf. *Matter of Aho,* 39 NY2d 241). Nor can this court exercise jurisdiction over a dead party (see *Tracy v Ludwig,* 44 AD2d 832; *Arena v Manganello,* 31 AD2d 540; *Sowells v O'Neill,* 25 AD2d 668; *Thompson v Raymond Kramer, Inc.,* 23 AD2d 746; *Ruderman v Feffer,* 10 AD2d 704; *Speier v St. Francis Church,* 3 AD2d 732). Although such jurisdictional issue can be waived under special circumstances evincing sufficient participation in the litigation by the personal representative who would have been substituted for the decedent under CPLR 1021 (see, e.g., *Wichlenski v Wichlenski,* 67 AD2d 944; *Kucher v Kucher,* 60 AD2d 644), the record in the case at bar is too barren to permit this court to speculate about the role of the administrator sought to

be substituted, as well as that of any other persons interested in the estate, in the prosecution of this action. Damiani, J. P., Gibbons, O'Connor and Boyers, JJ., concur.