■ ESPERANZA SILVAGNOLI, Individually and as Legal Representative of the Estate of LOUIS SILVAGNOLI, Deceased, Respondent, v CONSOLIDATED EDISON EMPLOYEES MUTUAL AID SOCIETY et al., Appellants, et al., Defendants. CONSOLIDATED EDISON EMPLOYEES MUTUAL AID SOCIETY, Third-Party Plaintiff, v CONSOLIDATED EDISON OF NEW YORK, Third-Party Defendant. UNDERWRITERS LABORATORIES, INC., Third-Party Plaintiff, v CONSOLIDATED EDISON OF NEW YORK, Third-Party Defendant.— Appeal from order, Supreme Court, Bronx County (Maurice Grey, J.), entered December 6, 1984, denying defendants-appellants' motion and cross motions to dismiss the complaint for failure to prosecute, unanimously dismissed for lack of jurisdiction to entertain the appeal, without prejudice and without costs.

Plaintiff's husband commenced this personal injury action in April 1977. By order of Special Term, plaintiff Esperanza Silvagnoli was substituted as his legal representative when he died, and the complaint was amended to add a wrongful death claim. Issue was only joined by defendants Consolidated Edison Employees Mutual Aid Society (Mutual Aid Society), American LaFrance-Foamite Corp. and Underwriters Laboratories. Consolidated Edison of New York was impleaded, and answered the third-party complaint. Except for plaintiff's service of a bill of particulars pursuant to an order of preclusion, she did nothing to move this action. In August 1982, Mutual Aid Society served a 90-day notice demanding that plaintiff serve and file a notice of trial placing the action on the Trial Calendar. Plaintiff's counsel notified defendant that plaintiff had died, and that one of her surviving children would be substituted as plaintiff. Meanwhile, the other two defendants served 90-day notices.

Special Term denied defendant Mutual Aid Society's motion to dismiss for failure to prosecute pursuant to CPLR 3216, with leave to renew, on condition that substitution be made within 30 days of service of a copy of the court's order, and

that the matter be placed on the trial calendar within 60 days thereafter.

Plaintiff's counsel placed the case on the trial calendar, yet failed to obtain an order of substitution. By notice of motion dated July 24, 1984, Mutual Aid Society renewed its motion to dismiss, and was joined by Underwriters Laboratories. American LaFrance-Foamite Corp. moved for the same relief. By order entered December 6, 1984, Special Term (Maurice Grey, J.), denied defendants' motions, and they appealed.

The death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015 (a). (*Matter of Einstoss*, 26 NY2d 181, 189-190 [1970]; *Wisdom v Wisdom*, 111 AD2d 13 [1st Dept 1985].) As the court stated in *Matter of Einstoss* (*supra*, p 189): "[I]f a party dies before a verdict or decision is rendered in an action, it abates as to him * * * unless it is revived by substituting his personal representative". Any order made between the death of a party and the substitution of a legal representative is void. (*Wisdom v Wisdom, supra; Thompson v Kramer, Inc.*, 23 AD2d 746, 747 [1st Dept 1965].)

This court lacks jurisdiction to entertain defendants' appeal. Special Term had no jurisdiction to rule upon defendants' motions to dismiss for failure to prosecute in the first instance, and its order was a nullity. (*Dorney v Reddy*, 45 AD2d 754, 755 [2d Dept 1974].)

Plaintiff's purported counsel opposed dismissal at Special Term on the grounds that the attorney of record, a member of his firm, had been recently hospitalized, and averred that an application for appointment of one of plaintiff's surviving children was pending in the Surrogate's Court of Queens County. Yet, there is no allegation in the record to indicate the basis for plaintiff's counsel's authority. Plaintiff's death terminated her attorney's power to act on her behalf. (*Wisdom v Wisdom, supra.*) In any event he failed to submit the prerequisite affidavit of merits. (*Sortino v Fisher*, 20 AD2d 25, 31-32 [1st Dept 1963].) Although the jurisdictional issue can be waived under special circumstances, where there has been active participation in the litigation by the personal representative who would have been substituted for the decedent under CPLR 1021, the record in the present case is barren of any evidence permitting this court to ascertain the role of the administrator whom plaintiff's attorney sought to have substituted. (*Hemphill v Rock*, 87 AD2d 836 [2d Dept 1982]; *Kucher v Kucher*, 60 AD2d 644 [2d Dept 1977]; *compare, Nieves v 331*

*E. 109th St. Corp.,* 112 AD2d 59 [1st Dept 1985].) This dismissal does not preclude an application at Special Term to substitute a legal representative as plaintiff, nor once such substitution is accomplished, a new motion at Special Term for the relief which defendants seek. (*Reoux v Reoux,* 14 AD2d 648 [3d Dept 1961].) Despite the difficulties encountered by plaintiff, the time to effect proper substitution should not extend indefinitely. (*See, Milam v Gibson & Cushman,* 81 AD2d 555, 556 [1st Dept 1981]; *see, Meier v Shively,* 10 AD2d 566 [1st Dept 1960].) Concur—Sullivan, J. P., Carro, Fein, Kassal and Rosenberger, JJ.