■ ROBERT W. WILLIAMS, Appellant, v UPJOHN HEALTH CARE SERVICES, INC., et al., Defendants, and IRVING WEINTRAUB et al., Respondents.—In an action, inter alia, to recover damages for fraud, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (McCaffrey, J.), dated January 11, 1985, which granted the defendant Irving Weintraub's motion under CPLR 3212 for summary judgment dismissing the action insofar as it is asserted against him; and

(2) an order of the same court (Christ, J.), dated January 9, 1985, which denied a motion to vacate a default judgment entered in favor of the defendant Hempstead Bank and for leave to serve an amended complaint upon the defendant Hempstead Bank.

Appeals dismissed, with separate bills of costs to the respondents Irving Weintraub and Hempstead Bank, respectively.

This action was originally commenced by Robert Williams and Jane Williams as individually named plaintiffs. Upon the plaintiff Robert Williams' motion, by order of Special Term (Brucia, J.) dated June 8, 1984, Robert Williams was dropped as a plaintiff in the action. Thereafter, on December 25, 1984, Jane Williams died prior to the issuance of the orders appealed from and the decisions upon which those orders are based, and before Robert Williams, as executor of the estate of Jane Williams was substituted as a plaintiff. Accordingly, the orders appealed from are void and the appeals should be dismissed (see, Manganero v Grega, 108 AD2d 842).

Were we, however, to consider these appeals on the merits, we would affirm Special Term's orders dismissing the action as against the respondents for failure to state a cause of action (see, Williams v Upjohn Health Care Servs., 119 AD2d 817). The complaint and amendments thereto are based upon vague and conclusory allegations of a purported fraud. Even assuming, arguendo, that the allegations are true, there is no suggestion of a causative link between the acts or omissions of the respondents and the purported injury incurred. Therefore, Special Term properly dismissed the action as against the respondents. The plaintiff's unsuccessful persistence in pursuing this suit does not remedy the fact that he has failed to allege a legally cognizable cause of action as to the respondents. Gibbons, J. P., Eiber, Kunzeman and Kooper, JJ., concur.