■ HOMEMAKERS INC. OF LONG ISLAND, Trading as UPJOHN

HEALTHCARE SERVICES, INC., Plaintiff, v ROBERT W. WILLIAMS et al., Defendants. (Action No. 1.) ROBERT W. WILLIAMS, Appellant, v UPJOHN COMPANY, INC., et al., Respondents. (Action No. 2.)—In an action to recover damages for fraud and conspiracy to commit fraud (action No. 2), the plaintiff Robert W. Williams, as executor of the estate of Jane Williams, appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated April 29, 1986, as denied those branches of his motion which were to dismiss the counterclaim of the defendant Homemakers Inc. of Long Island trading as Upjohn Healthcare Services, Inc. (hereinafter Homemakers), for priority of discovery over the defendants Upjohn Company, Inc., and Upjohn Healthcare Services, Inc., and (2) from so much of an order of the same court, dated May 18, 1986, as, upon granting the cross motion of the defendants Homemakers, Sidney Cole and Maurice C. Kelly for summary judgment dismissing the complaint as against them on the ground that it did not state a cause of action and did not raise any questions of fact, dismissed the complaint as to all the defendants, granted Homemakers summary judgment on its counterclaim, denied the plaintiff's request for leave to replead, denied the plaintiff's motion to reargue that branch of his motion which was to dismiss Homemakers' counterclaim, and denied the plaintiff's motion requesting the court to disqualify itself.

Ordered that so much of the appeal from the order dated May 18, 1986, as denied the plaintiff's motion for reargument, is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated April 29, 1986, is modified, on the law, by deleting the provision denying that branch of the plaintiff's motion which was to dismiss Homemakers' counterclaim, and substituting therefor a provision granting that branch of the plaintiff's motion; as so modified, the order dated April 29, 1986, is affirmed insofar as appealed from, without costs or disbursements; and it is further,

Ordered that the order dated May 18, 1986, is modified, on the law, by deleting from the first decretal paragraph thereof the provision granting Homemakers' judgment on its counterclaim in the principal amount of $8,834.37, and substituting therefor a provision granting the plaintiff's motion to dismiss the counterclaim; as so modified, the order dated May 18, 1986, is affirmed insofar as appealed from, without costs or disbursements.

The gravamen of the plaintiff's complaint is that the dece-

dent, Jane Williams, received nursing services from Homemakers (trading as Upjohn Healthcare Services), a franchisee of the defendant Upjohn Company, Inc. It is alleged, however, that the decedent believed she was receiving nursing services from the Upjohn Company, Inc. According to the plaintiff, Williams was damaged because she allegedly paid more for nursing services in reliance upon the Upjohn name which were of no greater quality than those supplied by other, less expensive nursing services. The plaintiff's attorney conceded at oral argument, however, that there is no claim made that the nursing services rendered were in any respect deficient. Nor does the complaint contain any allegations that the services rendered failed to meet any promised level of quality. To support the contention that Jane Williams incurred damages for which the defendants are liable, a document was submitted which indicated that during the time period in question Homemakers was charging a rate for its nursing services which was above the average rate charged by other nursing services. At best, this document merely indicates that other nursing services were available at a lower cost and fails to support the plaintiff's contention that Jane Williams suffered damage to which any alleged act or omission of the defendants contributed. In light of the foregoing, we conclude that the court properly dismissed the complaint as to all of the defendants (cf., Williams v Upjohn Health Care Servs., 120 AD2d 729; see, CPLR 3212 [b]).

However, the plaintiff's motion to dismiss Homemakers' counterclaim should have been granted. Homemakers served the counterclaim for services rendered on Jane Williams' former attorney after Williams' death, but before her personal representative had been substituted and had retained counsel. The death of a party terminates the attorney's authority to act on her behalf (see, Hemphill v Rock, 87 AD2d 836; Wisdom v Wisdom, 111 AD2d 13), and divests a court of jurisdiction to conduct proceedings in the action until a proper substitution has been made pursuant to CPLR 1015 (a) (see, Silvagnoli v Consolidated Edison Employees Mut. Aid Socy., 112 AD2d 819; Byrd v Johnson, 67 AD2d 992). Homemakers conceded that its service of the counterclaim was ineffective, and re-served the counterclaim on the attorney for the personal representative 68 days after Homemakers' claim against the estate for the same services alleged in the counterclaim had been rejected. As Homemakers has not complied with the 60-day "short Statute of Limitations" of SCPA 1810 (Braloff v Greenberg, 284 App Div 1054), the claim for the services in question must

be determined as part of the judicial settlement of the decedent's estate.

We have considered the plaintiff's other contentions and find them to be either academic in light of the instant decision or without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.