OPINION OF THE COURT
John S. Lockman, J.
This motion by defendant for summary judgment is denied.
Defendant concedes that the Statute of Limitations did not expire until July 30, 1988, and that plaintiff effected service upon it within said limitations period pursuant to an order of this court dated February 27, 1987 (Yachnin, J.). However, defendant contends that because defendant’s decedent died *449 prior to the application for expedient service, jurisdiction was not secured because the prior death rendered the order for service void. While defendant is correct in his contention that in the ordinary case, the death of a defendant divests the court of jurisdiction until an administrator is appointed and substituted as a party defendant, it is clear that the court retains jurisdiction to allow substitution (Homemaker’s Inc. v Williams, 131 AD2d 636). It is also clear, as defendant contends, that all orders rendered after the death of the defendant in a pending action are void, except that noted above, granting a motion for substitution (see, Silvagnoli v Consolidated Edison Employees Mut. Aid Socy., 112 AD2d 819). However, the foregoing rules do not compel the legal conclusion advanced by defendant that the death of defendant’s decedent, prior to commencement of the action, renders the order of Justice Yachnin permitting expedient service void for lack of jurisdiction. While no case on point has been found, a motion for expedient service pursuant to CPLR 308 (5) is made and decided before jurisdiction is obtained by personal service, and thus the death of defendant’s decedent could not divest the court of jurisdiction it did not yet have. Accordingly, service upon defendant pursuant to the valid order for expedient service tolled the Statute of Limitations, and this action was timely commenced against the decedent’s estate by expedient service upon decedent’s carrier (see, Matter of Costen, 172 Misc 494, 496).