■ ANTHONY LAURENTI et al., Respondents, v DORIS TEATOM et al., Appellants. [619 NYS2d 754] —In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated December 15, 1992, which denied their motion for summary judgment dismissing the complaint as barred by the Statute of Limitations and granted the plaintiffs' cross motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, the plaintiffs' cross motion is denied, and the complaint is dismissed.

This action involves an automobile accident in which the plaintiffs' automobile was struck from behind by a car driven by the defendant John Teatom III and owned by his mother, the defendant Doris Teatom. The accident occurred on May 31, 1987, and Doris Teatom died in August 1987. The plaintiffs discovered that no personal representative had been appointed for Doris Teatom's estate, and they were unable to locate John Teatom III in order to serve him personally. The plaintiffs obtained an order permitting expedient service pursuant to CPLR 308 (5) on Doris Teatom's insurance carrier and served the carrier on July 26, 1990.

There is no dispute that, with the 18-month toll provided in CPLR 210 (b), the Statute of Limitations as to Doris Teatom

expired on November 30, 1991, after the carrier was served *(see, Glamm v Allen,* 57 NY2d 87, 95). We disagree with the defendants' contention that a court does not have the authority to issue an order for expedient service where a defendant dies prior to commencement of the action *(see, e.g., Mitchell v Mastroianni,* 154 Misc 2d 448). We nevertheless conclude that the court erred in denying the defendants' motion to dismiss the complaint as barred by the Statute of Limitations.

There is no dispute that no personal representative of Doris Teatom's estate was ever appointed, and the Statute of Limitations had expired when the defendants moved to dismiss the complaint. Since a plaintiff is unable to commence an action during the period between the death of a potential defendant and the appointment of a representative of the estate, service of the pleadings on Doris Teatom's insurance carrier pursuant to CPLR 308 (5) did not confer jurisdiction over her estate. The remedy for a plaintiff who faces the running of the Statute of Limitations under these circumstances is to petition the Surrogate's Court pursuant to SCPA 1002 for the appointment of the Public Administrator as the personal representative of the estate *(see generally,* 1 Weinstein-Korn-Miller, NY Civ Prac, ¶ 210.04; *see also, 100 W. 72nd St. Assocs. v Murphy,* 144 Misc 2d 1036; *Stephens v Victory Mem. Hosp.,* 142 Misc 2d 61).

As jurisdiction was not obtained over Doris Teatom within the Statute of Limitations period applicable to her, John Teatom III was not precluded by his status as a codefendant united in interest with Doris Teatom from raising this defense *(cf.,* CPLR 203 [b] [1]). The Statute of Limitations as to him expired three years from the date of the accident, and service upon the insurance carrier in July 1990 was therefore untimely. The plaintiffs could not take advantage of the 60-day toll of the Statute of Limitations pursuant to CPLR 203 (b) (5) by delivering the summons to the Queens County Clerk in May 1990 as the evidence established that John Teatom III did not live, work, or do business in Queens County, nor did the cause of action arise there *(see, e.g., Maldonado v Long Is. Jewish Med. Ctr.,* 156 AD2d 431). Accordingly, the complaint is dismissed as to both defendants.

In view of our determination, we need not reach the defendants' remaining contention. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.