■ A TO Z ASSOCIATES et al., Plaintiffs, and JOYCE B. ANDREWS et al., as Personal Representatives of the Estate of THOMAS A. ANDREWS, Deceased, Appellants, v GLORIA V. COOPER, Respondent, et al., Defendants. [648 NYS2d 74] —Order, Supreme Court, New York County (Edward Greenfield, J.), entered March 8, 1995, which denied plaintiffs-appellants personal representatives' motion to vacate a judgment, the same court and Justice, entered May 6, 1994, *inter alia*, dismissing the complaint and awarding defendant-respondent damages on her counterclaims, unanimously affirmed, with costs.

Plaintiffs' claim that the court lacked jurisdiction to render a decision on defendant's motion for summary judgment after plaintiffs' decedent's death and before plaintiffs' substitution (CPLR 5016 [d]) should have been raised at the first opportunity after plaintiffs' substitution, before the ensuing judgment was settled and entered, and their failure to do so constitutes a waiver of the claim (*cf., Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820). We also think it pertinent, as did the IAS Court, that the summary judgment motion had been fully briefed and submitted months before the decedent's death and that plaintiffs do not articulate any prejudice resulting from the decision rendered before their substitution. We see no reason to vacate the judgment and underlying decision simply to have the court issue a new decision and judgment identical to the first except naming plaintiffs as personal representatives. Concur—Milonas, J. P., Rosenberger, Wallach and Tom, JJ.