■ Mark Waldman et al., Respondents, v Mechanical Systems, Inc., et al., Defendants. Murray Riese et al., Purported Nonparty Appellants. [741 NYS2d 711] —In an action to recover damages for personal injuries, the nonparties Murray Riese and Irving Riese purportedly appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Kitson, J.), dated March 5, 2001, as denied a motion by "the defendant, i/s/h/a Riese, Irving and Murray," to dismiss the action insofar as asserted against it on the ground that it lacks the capacity to be sued.

Ordered that the appeal is dismissed, with costs.

The record reveals that the purported appellant Irving Riese died in 1990 and that the purported appellant Murray Riese died in 1995. In 1997, the plaintiffs allegedly commenced this action against a presumed partnership designated in the caption as "Reise [sic], Irving and Murray"; neither the estate of Irving Riese nor that of Murray Riese was named as a defendant.

Fixler & Associates, purported counsel for the deceased appellants, submitted an answer on behalf of "the defendant(s) i/s/h/a Riese, Irving and Murray." In connection with the subsequent motion to dismiss, a member of Fixler & Associates asserted "there was no such partnership as Riese, Irving and Murray." In a reply affirmation submitted in the Supreme Court, and in the notice of appeal served in connection with this appeal from the order denying the motion to dismiss, Fixler & Associates identifies its clients as Murray Riese and Irving Riese.

This Court cannot exercise jurisdiction over a dead party, as opposed to over such a party's personal representative (*see Kelly v Methodist Hosp.,* 276 AD2d 672; *Hemphill v Rock,* 87 AD2d 836; *Tracy v Ludwig,* 44 AD2d 832; *Arena v Manganello,* 31 AD2d 540; *Sowells v O'Neill,* 25 AD2d 668; *Thompson v Raymond Kramer, Inc.,* 23 AD2d 746; *Ruderman v Feffer,* 10 AD2d 704; *Speier v St. Francis Church,* 3 AD2d 732). The record does not demonstrate any participation in this case by the personal representatives of the decedents' estates, or even whether such estates are still in existence (*cf. McDonough v Bonnie Hgts. Realty Corp.,* 249 AD2d 520). The record also fails to reveal whether Fixler & Associates might represent some other party which could be considered aggrieved by the order under review (*see* CPLR 5511), which, as noted above, denied a motion to dismiss the plaintiff's complaint insofar as it is asserted against an allegedly nonexistent entity.

In the absence of a legally cognizable appellant, the appeal must be dismissed. Feuerstein, J.P., S. Miller, Krausman and Cozier, JJ., concur.