■ TED FARAONE et al., Appellants, v NATIONAL ACADEMY OF TELEVISION ARTS & SCIENCES et al., Respondents. [745 NYS2d

163] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered October 19, 2001, which granted defendants' motion to dismiss the complaint for failure to state a cause of action and denied plaintiffs' cross motion to substitute the personal representative of the estate of the deceased defendant John Cannon, unanimously reversed, on the law, without costs or disbursements, the motion denied, the cross motion granted and the matter remanded for further proceedings.

This is a defamation action based on statements, alleged to be slanderous per se, made by several defendants, including John Cannon, who, at the time of the statement attributed to him, was the president of the defendant National Academy of Television Arts & Sciences (NATAS), the New York Chapter of which plaintiff Ted Faraone had been a member for 23 years and a board member for eight years. Cannon died suddenly on June 22, 2001, subsequent to the May 21, 2001 commencement of this action. No substitution of an estate representative has been made. On July 9, 2001, defendants moved, preanswer, to dismiss the complaint pursuant to CPLR 3211 (a) (7) and, in part, CPLR 3016 (a). Plaintiff, a media and public relations consultant who conducts his business through Faraone Communications, Inc., also a plaintiff herein, opposed the motion on the ground that the court lacked jurisdiction over the matter by virtue of Cannon's death and cross-moved pursuant to CPLR 1015 (a) for an order directing Cannon's estate to substitute his personal representative in his stead. The IAS court granted defendants' motion to dismiss, finding the statements to be qualified by privilege, as to which plaintiffs' allegations of malice were insufficient to overcome. It denied the cross motion, finding that in light of the determination reached on the merits, the substitution of a legal representative would be "of no significance." We reverse.

As this Court has noted, "The death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015 (a)" (*Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820). Any order after the death of a party and before the substitution of a legal representative is void. (*Id.*; *Wisdom v Wisdom*, 111 AD2d 13.) Once a substitution is effected, defendants, if they be so advised, may, of course, move anew for the relief they seek by the motion made herein. Concur— Tom, J.P., Mazzarelli, Andrias, Sullivan and Friedman, JJ.