■ BETZAIDA LUGO, Appellant, v GE CAPITAL AUTO LEASE et al., Respondents. [829 NYS2d 17]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered on or about January 10, 2005, which granted defendant's motion for summary judgment dismissing the complaint

for lack of a serious injury within the meaning of Insurance Law § 5102 (d), and denied plaintiff's cross motion pursuant to CPLR 1015 (a) to stay the action, unanimously reversed, on the law, without costs, the order vacated, the cross motion denied as academic and the matter remanded for further proceedings.

On March 2, 2004, during the pendency of this personal injury action, individual defendant Sekoa Kante died. By notice of motion dated June 15, 2004, defendant GE Capital moved for summary judgment dismissing the complaint on the ground that plaintiff did not sustain a serious injury as required by Insurance Law § 5102 (d). Plaintiff cross-moved to stay the action until the appointment of a proper representative for Kante. The motion court denied plaintiff's cross motion and granted defendant's summary judgment motion. This was error and we reverse.

"The death of a party divests a court of jurisdiction to conduct proceedings in an action until a proper substitution has been made pursuant to CPLR 1015 (a)" (*Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819, 820 [1985]). Accordingly, the motion court's order, made before the substitution of Kante's representative, is void (*id.*; *see Cueller v Betanes Food Corp.*, 24 AD3d 201 [2005], *lv denied* 6 NY3d 708 [2006]). Given that a proper substitution has since been effected, we entertain the appeal to the limited extent of vacating the order and remanding the matter for further proceedings, which may include defendants moving anew for summary judgment (*see Faraone v National Academy of Tel. Arts & Sciences*, 296 AD2d 349, 350 [2002]). Concur—Tom, J.P., Gonzalez, Sweeny, Catterson and Malone, JJ.