■ HAROUST CORPORATION, Respondent, v YUEN CHUNG CHIN, Also Known as MR. SHINE, Appellant.—Order, Appellate Term of the Supreme Court, First Department, entered March 24, 1988, which reversed an order of the Civil Court, New York County (Carol Huff, J.), entered September 30,

1986, and, *inter alia,* granted petitioner summary judgment, unanimously affirmed, without costs.

Petitioner landlord brought this action to evict respondent Yuen Chung Chin from rent-stabilized apartment No. 18 at 230 East 27th Street, New York City, on the ground that he was a squatter living in the apartment after the death of the tenant named in the lease, Mr. Tie Chin King, in 1984, and after the expiration of King's lease in April 30, 1985. In defense to the eviction petition, respondent Chin claimed that he was Mr. King's son and that he was entitled to the apartment by virtue of the family succession provisions of the Rent Stabilization Code.

The Civil Court denied petitioner's motion for summary judgment, finding that there were issues of fact relevant to Chin's eligibility for the succession provisions—i.e., the time frame during which he lived in the premises, and whether he resided there together with Mr. King.

The Appellate Term reversed and granted summary judgment to the landlord, holding that the succession provisions of the Rent Stabilization Code were invalid and unenforceable in accordance with its decision in *East Four-Forty Assocs. v Ewell* (138 Misc 2d 235). In that posture, the Appellate Term found that even if respondent's claim that he was King's son and lived with him prior to his death were true, it would not constitute a legal defense to this proceeding.

Subsequent to the Appellate Term's decision in the instant case, this court effectively overruled *Ewell (supra)* and unequivocally upheld the validity of the family succession provisions of the Rent Stabilization Code. *(Festa v Leshen,* 145 AD2d 49.)

Notwithstanding that the succession provisions are valid, the grant of summary judgment to petitioner landlord must be affirmed. On this motion for summary judgment, it was incumbent upon respondent to come forward with evidentiary proof in admissible form to demonstrate the existence of a triable issue of fact relating to his eligibility under those succession provisions. *(E.g., Zuckerman v City of New York,* 49 NY2d 557, 562.)* Respondent completely failed to meet his burden in that regard.

The Rent Stabilization Code (Code) family succession rules provide that upon the vacancy of an apartment by the named tenant, a family member who has resided in the apartment as a primary resident from the inception of the tenancy or the commencement of the relationship shall be entitled to a

renewal lease. (9 NYCRR 2523.5 [b] [1].) In addition to the foregoing provision, the Code further provides if the tenant dies, a family member who resided in the apartment as a primary resident for a period of no less than two years prior to the death of the tenant shall be entitled to a renewal lease. (9 NYCRR 2523.5 [b] [2].)

In support of its motion for summary judgment, the landlord submitted documentary evidence establishing that Chin did not satisfy these provisions. Petitioner submitted a letter written by one Thomas Chank in April 1982, in response to an unrelated inquiry by the landlord, indicating that he was King's son and that he lived in the apartment at that time together with King and King's wife and that no one else was then living in the apartment. The landlord also submitted records demonstrating that in June 1982 King had moved out of New York and received medical treatment in Contra Costa, California, for the stomach cancer which eventually led to his death in California on March 16, 1984. In addition, the landlord submitted immigration records which show that respondent Chin did not enter this country from China until March 30, 1980. Finally, the landlord demonstrated that no documentation of Chin's purported status as the son of King was ever provided, despite repeated requests.

The landlord clearly established that Chin did not meet the statutory criteria for succession to the apartment. Since King's tenancy commenced in 1976 and Chin did not enter this country until 1980, it is clear that Chin could not have resided together with the named tenant from the inception of the tenancy. Moreover, since Mr. King died in March 1984 and the Chank letter indicates that Chin was not yet living in the premises as of April 1982, Chin would not have resided in the apartment for two years prior to the named tenant's death, the alternative basis under the Code for eligibility to succeed to the apartment.

Respondent's failure to come forward with any material in admissible evidentiary form to rebut petitioner's documentary showing is fatal. The only submission in opposition to the motion for summary judgment was an affirmation by an attorney with no personal knowledge of the facts which did no more than state, in conclusory form and without any detail, that Chin moved into the apartment to care for his ailing "father".

Accordingly, since petitioner had made an unrebutted documentary showing that respondent does not fall within the Rent Stabilization Code's family succession provisions, no

material questions of fact exist on this issue and the landlord is entitled to summary judgment. Concur—Sullivan, J. P., Ross, Milonas, Ellerin and Rubin, JJ.