[867 NYS2d 71]

AMIN MARTE, Respondent, v SANDRA GRABER, as Voluntary
Administrator of the Estate of HERMAN GRABER, Deceased,
Appellant.

First Department, November 13, 2008

### APPEARANCES OF COUNSEL

*Ronald Cohen*, New York City, for appellant.
*David M. Goldberg*, Amenia, for respondent.

### OPINION OF THE COURT

CATTERSON, J.

Because there simply is no precedent nor any support in New York's Civil Practice Law and Rules for a court obtaining jurisdiction over an action "commenced" three months after the death of the individual named as the sole defendant, we find that the order appealed from is a nullity. The complaint should have been dismissed by the motion court as a nullity when the putative plaintiff, having filed a summons and complaint, discovered that the named defendant had died *before* the filing.

In or around July 2005, Amin Marte, incarcerated and acting pro se, filed an unsigned, undated summons and complaint alleging legal malpractice by attorney Herman Graber. Thereafter, Marte discovered that Graber had died on April 2, 2005, approximately three months *before* the filing of the summons and complaint. Thus the action from its inception was a nullity since it is well established that the dead cannot be sued. (*See Jordan v City of New York*, 23 AD3d 436, 437 [2d Dept 2005] ["party may not commence a legal action or proceeding against a dead person, but must instead name the personal representative of the decedent's estate"]; *see also Arbelaez v Chun Kuei Wu*, 18 AD3d 583 [2d Dept 2005]; *Laurenti v Teatom*, 210 AD2d 300, 301 [2d Dept 1994].)*

Marte, however, moved by order to show cause for what he termed a "stay" in order to ascertain the identity of Graber's personal representative. The court, apparently interpreting this as an application for an extension of the statutory 120-day period for service, issued an ex parte order extending Marte's time to serve. Subsequently, it issued a second ex parte order extending the time for service through July 2006. Thus, the court adjudicated a nullity apparently unaware that time was not the problem in a case where the only named defendant could never be served with the summons and complaint, however long the plaintiff was given to do so.

Arguably, it is not clear from the record if the court was informed in Marte's application that Herman Graber had died prior to the filing of the summons and complaint as well as prior to service. However, even if the court at that point believed that the summons and complaint had been filed while Graber was alive, it, nevertheless, would have been in error issuing any order at all since all orders rendered after the death of a defendant, even in a properly commenced action, are void until an order granting substitution. (*See* CPLR 1015 [a]; *see also Silvagnoli v Consolidated Edison Empls. Mut. Aid Socy.*, 112 AD2d 819 [1st Dept 1985] [the death of a party divests a court of jurisdiction to conduct proceedings in an action until a *proper* substitution has been made].)

In any event, on June 7, 2006, Marte, now represented by an attorney, moved pursuant to CPLR 1021 to substitute Herman

---

* It is important to acknowledge that at common law virtually all causes of action abated with the death of a party. (*See e.g. Demuth v Griffin*, 253 App Div 399 [1st Dept 1938].) That was the law in New York until September 1, 1935, after the Legislature enacted a series of statutes to ameliorate the harsh effect of the common law.

Graber's wife, Sandra, who had been appointed personal representative of the estate. He also moved for leave to amend the summons pursuant to CPLR 305 (c). He attached the proposed amended summons to the motion together with a verified amended complaint as of right alleging breach of contract rather than legal malpractice, presumably to avoid any statute of limitations objections.

The motion court continued to adjudicate the nullity by granting the motion, and thus ignoring the requirement of CPLR 1015 (a) that an action be *pending* for the correct application of that provision. CPLR 1015 (a) provides that "[i]f a *party* dies and the claim for or against him is not thereby extinguished the court shall order substitution of the proper parties" (emphasis added). Moreover, CPLR 1021 provides that "[a] motion for substitution may be made by the successors or representatives of a party or by any *party*" (emphasis added). The term "party" plainly indicates that an action has already been properly commenced and is pending and thus the court may effect substitution.

In this case, since the summons and complaint were filed after the death of Herman Graber, Marte had not properly commenced an action against Graber, and so Graber was never a *party* in the proceeding captioned *Amin Marte v Herman I. Graber* (index No. 402200/05). Thus, there was no party for whom substitution could be effected pursuant to CPLR 1015 (a).

Likewise, Marte's attempt to amend the summons pursuant to CPLR 305 (c) was made in error. That provision is generally used to correct an irregularity, for example where a plaintiff is made aware of a mistake in the defendant's name or the wrong name or wrong form is used. But it is axiomatic that a motion for leave to amend follows service of process. (*See Louden v Rockefeller Ctr. N.*, 249 AD2d 25 [1st Dept 1998]; *Ingenito v Grumman Corp.*, 192 AD2d 509 [2d Dept 1993]; *see also Stuyvesant v Weil*, 167 NY 421 [1901].) In this case, of course, process was never served on Herman Graber (nor are we aware of any method for serving with process those who have moved beyond the vale). Thus, effectively there was no summons for amendment.

Subsequently, Sandra Graber filed a notice of appeal and a motion to reargue which the plaintiff opposed. The motion court granted reargument but ignored Sandra Graber's contention that the proceeding was a nullity from its inception. Incomprehensibly so, since the court's decision entered August 14, 2007,

bearing the caption of *Amin Marte v Sandra Graber*, clearly reflected the fact that Herman Graber had died on April 2, 2005, and that the only summons and complaint filed in this case had been filed on July 6, 2005.

The motion court committed further error by acknowledging in its decision that while the initial summons and complaint had been filed but not served, the "filed" amended summons and complaint "appear[ed]" to have been served by substituted service. (2007 NY Slip Op 32506[U], *8.) In reality, they were merely annexed to plaintiff's motion and not filed with the County Clerk. (*See* CPLR 304; *Matter of Gershel v Porr*, 89 NY2d 327 [1996]; *see also Chiacchia & Fleming v Guerra*, 309 AD2d 1213 [4th Dept 2003], *lv denied* 2 NY3d 704 [2004] [plaintiff's failure to obtain new index number could not be corrected nunc pro tunc because there was no action pending].) Perhaps, had Marte abandoned his initial action, and properly filed a summons and complaint by purchasing a new index number and naming Sandra Graber, the personal representative of Herman Graber, as defendant, the matter before us would not be the nullity it is.

Accordingly, the order of the Supreme Court, New York County (Barbara R. Kapnick, J.), entered August 14, 2007, which, upon reargument, adhered to a prior order, same court and Justice, entered April 3, 2007, granting plaintiff's motion to amend the summons and substitute the voluntary administrator for the deceased defendant, and denying defendant's motion to dismiss the complaint, should be reversed, on the law, without costs, and the plaintiff's amended summons and complaint dismissed as a nullity. The appeal from the April 3 order should be dismissed, without costs, as superseded by the appeal from the August 14 order.

NARDELLI, J.P., WILLIAMS and SWEENY, JJ., concur.

Order, Supreme Court, New York County, entered August 14, 2007, reversed, on the law, without costs, and plaintiff's amended summons and complaint dismissed. Appeal from the order, same court, entered April 3, 2007, dismissed, without costs, as superseded by the appeal from the August 14, 2007 order.