■ LUIS A. MALDONADO, Respondent, v THE LAW OFFICE OF MARY A. BJORK, Appellant. [882 NYS2d 118]—

Order, Supreme Court, Bronx County (Alexander Hunter, Jr., J.), entered December 26, 2008, which, to the extent appealable, denied defendant's motion to dismiss the complaint, unanimously reversed, on the law, with costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

In December 2006, just before the statute of limitations expired (CPLR 214 [5]), plaintiff commenced this action naming as sole defendant the driver of a car that had allegedly struck plaintiff's car, injuring plaintiff. However, that driver had died in December 2004. After trying to identify an administrator of the driver's estate and starting a second action against the driver's wife, on the mistaken belief that she was the administrator of his estate, plaintiff moved to substitute, as a party defendant, the law firm assigned to this matter by the deceased driver's liability insurer. That motion was granted on default and the court subsequently denied the law firm's motion to vacate the default and dismiss the complaint.

Since one cannot commence an action against a deceased person, this action was a nullity from its inception (see Marte v Graber, 58 AD3d 1, 2-3 [2008]). Consequently, the motion court lacked jurisdiction to hear and determine the initial action and erred in denying defendant's motion to dismiss. Concur—Andrias, J.P., Sweeny, McGuire, Acosta and Richter, JJ.