Order, Supreme Court, Bronx County (Alexander W Hunter, Jr., J.), entered April 22, 2009, which denied defendant’s motion to dismiss the complaint for lack of personal and subject matter jurisdiction, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.
This is the second action brought by plaintiff to recover damages for injuries he allegedly sustained in a car accident. The first action was dismissed as a nullity, because the person who *571 was named as the sole defendant had died before the action was commenced (see Maldonado v Law Off. of Mary A. Bjork, 64 AD3d 425 [2009]). This action must be dismissed because the named defendant is not the personal representative of the decedent’s estate (see id.; Marte v Graber, 58 AD3d 1, 3 [2008]).
It does not avail plaintiff that defendant did not cooperate with him in his efforts to obtain the necessary documentation for a SCPA 1002 (1) petition for the appointment of an administrator. Plaintiff apparently failed to timely seek a court order to obtain the documentation. Concur—Friedman, J.P., McGuire, Moskowitz, Acosta and DeGrasse, JJ.