■ U.S. BANK, N.A., as Trustee, Respondent, v DEBORAH BERNHARDT, Appellant, et al., Defendants. GFRE, INC., Intervenor-Respondent. [931 NYS2d 266]—

After a hearing on the issue of the propriety of the service of process, the Supreme Court determined that, due to improper service, personal jurisdiction over the defendant Deborah Bernhardt, the owner of the foreclosed-upon property, had not been acquired. Thus, the Supreme Court granted that branch of Bernhardt's motion which was to vacate the judgment of foreclosure and sale that had been entered upon her default in answering or appearing. However, relying upon its purported equitable powers, the Supreme Court denied that branch of Bernhardt's motion which was to set aside the foreclosure sale. This was error.

A court is without power to render a judgment against a party over whom the court lacks jurisdiction. A judgment rendered without jurisdiction is void. Further, when a deed is issued in execution upon such a void judgment, that deed is similarly void (*see Hirsch v Syrota's Auto Wreckers*, 211 AD2d 621, 622 [1995]; *Berlin v Sordillo*, 179 AD2d 717, 719 [1992]; *McMullen v Arnone*, 79 AD2d 496, 499 [1981]; 3-30 Bergman on New York Mortgage Foreclosures § 30.06 [2011]). Consequently, once the Supreme Court concluded that personal jurisdiction over Bernhardt was lacking, it should have granted that branch of Bernhardt's motion which was to set aside the foreclosure sale (*see Bank One Natl. Assn. v Osorio*, 26 AD3d 452, 453 [2006]; *Federal Home Loan Mtge. Corp. v MacPherson*, 277 AD2d 418, 419 [2000]; *Ralph C. Sutro Co. v Valenzuela*, 113 AD2d 793 [1985]; *Horvath v Grid Realty Corp.*, 64 AD2d 691 [1978]).

In light of our determination, Bernhardt's remaining contention has been rendered academic. Skelos, J.P., Chambers, Sgroi and Miller, JJ., concur. **[Prior Case History: 28 Misc 3d 1234(A), 2010 NY Slip Op 51593(U).]**