■ FERNANDA VELLO et al., Appellants, v LIGA CHILEAN DE FUTBOL et al., Respondents. PUBLIC ADMINISTRATOR OF THE COUNTY OF NEW YORK, as Administrator of the Estate of DAVID TAGLE, Deceased, Doing Business as LIGA CHILEAN DE FUTBOL, Nonparty. [50 NYS3d 73]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered October 28, 2015, which denied plaintiffs' motion pursuant to CPLR 1015 (a) to substitute the "Public Administrator of New York County, as Administrator of the Estate of David Tagle, deceased d/b/a Liga Chilean de Futbol" as a named defendant in place of defendant Liga Chilean De Futbol, and granted defendants' cross motion to dismiss the action as against Liga Chilean De Futbol, unanimously affirmed, without costs.

The infant plaintiff was injured when an inflatable ride collapsed during a festival sponsored by Liga Chilean de Futbol (Liga Chilean), which obtained a permit identifying David Tagle as its authorized agent. Plaintiffs thereafter commenced an action against Liga Chilean and Randall's Island Sports Foundation, Inc. In their answer, defendants denied the allegations that Liga Chilean was a corporation, and they subsequently informed plaintiffs that Liga Chilean was not a business entity, but was a name used by David Tagle to do business, and that Tagle had died two months after the accident, which was before this action was commenced. Although plaintiffs successfully petitioned Surrogate's Court to issue limited letters of administration to the Public Administrator so that the

administrator could be substituted as a party, they never served the Public Administrator with any motion to either substitute or add the Public Administrator as a party before the statute of limitations elapsed (CPLR 203, 210 [b]; 214 [5]).

The motion to substitute the Public Administrator as a defendant was properly denied because no action was ever brought against Tagle before his death (*Marte v Graber*, 58 AD3d 1, 3 [1st Dept 2008]). Plaintiffs argue that the action against Liga Chilean should be treated as one against Tagle, but any action commenced against Tagle after his death would be a "nullity" since "the dead cannot be sued" (*id.*). Instead, plaintiffs were required to commence a legal action naming the personal representative of the decedent's estate (*Jordan v City of New York*, 23 AD3d 436, 437 [2d Dept 2005]).

Liga Chilean's motion to dismiss was properly granted because it is not an existing entity and therefore cannot "sue or be sued" (*Zarzycki v Lan Metal Prods. Corp.*, 62 AD3d 788, 789 [2d Dept 2009]).

Even assuming that Tagle conducted business in a deceptive or misleading manner through a fictitious entity, as plaintiffs argue, plaintiffs were not prejudiced or harmed as a result of that conduct. Indeed, defendants in this action disclosed to plaintiffs that Liga Chilean was not a legal entity well before the statute of limitations had elapsed. Thus, plaintiffs were not prejudiced or harmed by Tagle's conduct. Concur—Sweeny, J.P., Richter, Moskowitz, Feinman and Gische, JJ.