Bayard Group Inc. v Wei Ting Huang (2024 NY Slip Op 51278(U))

[*1]

Bayard Group Inc. v Wei Ting Huang

2024 NY Slip Op 51278(U)

Decided on September 16, 2024

Supreme Court, New York County

Lebovits, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 16, 2024
Supreme Court, New York County

Bayard Group Inc., Plaintiff,

against
Wei Ting Huang and GUI LIAN ZHANG, Defendants.

Index No. 656051/2023

Kaplan & Chun, P.C., New York, NY (Howard C. Chun of counsel), for plaintiff.
Mayya S. Gotlib, Esq., Staten Island, NY, for defendant Gui Lian Zhang.

Gerald Lebovits, J.

This is an action to collect on allegedly unpaid rent owed under a rent-stabilized residential lease, brought by plaintiff Bayard Group Inc. against defendants Wei Ting Huang and Gui Lian Zhang. Plaintiff now moves for default judgment under CPLR 3215. The motion is denied, and the action is dismissed as against defendant Huang.
Plaintiff has provided proof of service on defendants under CPLR 308 (4) (see NYSCEF No. 3); and defendants did not timely appear.[FN1]
But plaintiff has not provided proof of facts constituting claims against the defendants, as CPLR 3215 (f) requires.
With respect to plaintiff's claims against Huang, defendant Zhang provides evidence—which plaintiff does not controvert—showing that Huang died in July 2023, months before commencement of this action in December 2023. (See NYSCEF No. 23 [certified copy of death certificate].) For that reason, plaintiff's complaint fails to state a cause of action against Huang. It is a well-established principle of New York law "that the dead cannot be sued." (Marte [*2]v Graber, 58 AD3d 1, 3 [1st Dept 2008].) Where a would-be plaintiff wishes to sue a party that has died, the plaintiff must instead "nam[e] the personal representative of the decedent's estate" as the defendant. (Vello v Liga Chilean de Futbol, 148 AD3d 593, 594 [1st Dept 2017].) If no representative of the estate has yet been appointed, the action may not be maintained against the deceased person. (See Jordan v City of New York, 23 AD3d 436, 437 [2d Dept 2005].) Plaintiff's claims against Huang must therefore be dismissed.
Defendant Zhang argues that she is not in default, given Huang's death, because the "death of a party divests a court of jurisdiction to act, and automatically stays proceedings in the action pending the substitution of a personal representative for the decedent." (NYSCEF No. 22 at ¶ 7.) This argument is unpersuasive. That rule applies when a party dies after commencement of an action, not before. (See Sokoloff v Schor, 176 AD3d 120, 134 [2d Dept 2019] [noting this distinction].) That Huang died before the complaint was filed would (absent appointment of a personal representative) defeat plaintiff's claims against him. But it would not stay plaintiff's not-yet-filed claims against Zhang.
Plaintiff has not, however, established for default-judgment purposes that it has a claim against Zhang. As noted above, plaintiff is suing for back rent that defendants allegedly owed under a rent-stabilized lease. But on this record, plaintiff has not established that Zhang was a tenant under the lease—or, indeed, that she even occupied the leased premises.
Plaintiff relies on a party affidavit that Huang and Zhang were both rent-stabilized tenants in premises owned by plaintiff, that they did not pay rent, and that they were evicted. (See NYSCEF No. 6 at ¶¶ 4-6.) But that affidavit is not made on personal knowledge. (See id. at ¶ 1.) The affidavit attaches a copy of a lease in effect from 2015-2017. (See NYSCEF No. 10.) The NYSCEF entry for this document (but not plaintiff's affidavit or attorney affirmation) describes the document as the "[l]ast signed lease." (See Dkt. Entry for NYSCEF No. 10.) Even assuming that the terms of this lease remained in effect during the period in which defendants are alleged to have been in arrears (i.e., 2019-2023, see NYSCEF No. 2 [rent ledger]), the only tenant who is listed on, or signed, the lease is Huang. The affidavit also attaches a copy of a judgment of possession against defendants that Housing Court issued in a nonpayment eviction proceeding brought against them by plaintiff. (See NYSCEF No. 15.) But as that judgment reflects (see id.)—and as plaintiff's attorney affirmation concedes (see NYSCEF No. 5 at ¶¶ 6-7)—defendants here never appeared in the Housing Court proceeding, and the possessory judgment was entered on default.
In short, on this record plaintiff has not established that Zhang owes the sums claimed, whether in unpaid rent under the lease or in use and occupancy absent a lease.[FN2]

Accordingly, it is
ORDERED that the branch of plaintiff's motion seeking default judgment against defendant Huang is denied, and plaintiff's claims against Huang are dismissed; and it is further
ORDERED that the branch of plaintiff's motion seeking default judgment against defendant Zhang is denied; and it is further
ORDERED that if plaintiff does not bring a renewed motion for default judgment against Zhang, supported by appropriate documentation, within 30 days of service of a copy of this order with notice of its entry, the action will be dismissed.
DATE 9/16/2024

Footnotes

Footnote 1:Defendant Zhang suggests that the affidavit of service fails to show proper service because it encompassed in a single paper representations of service as to both defendants. (See NYSCEF No. 22 at ¶¶ 3-6.) But Zhang does not contend that the service addresses referenced in the affidavit were incorrect or otherwise invalid for purposes of CPLR 308 (4); and the affidavit reflects due diligence as required by that statutory paragraph.

Footnote 2:Additionally, if plaintiff's claim against Zhang sounds in use and occupancy, plaintiff has not established the lawful regulated rent of the apartment for the period 2019-2023, or provided another means of determining the apartment's fair-market-rental value as required by Real Property Law § 220 for a use-and-occupancy claim.