One 56 St. Corp. v Fagan (2025 NY Slip Op 00792)

One 56 St. Corp. v Fagan

2025 NY Slip Op 00792

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Index No. 158812/14 Appeal No. 3663-3664 Case No. 2024-01869 

[*1]One 56 Street Corporation, Plaintiff-Appellant,
v
Henry Fagan et al., Defendants, Decima Fagan et al., Intervenors-Respondents.

Ginsburg & Misk LLP, Queens Village (Christopher Ryan Clarke of counsel), for appellant.
Catafaga Fini LLP, New York (Jacques Catafago of counsel), for respondents.

Order, Supreme Court, New York County (Lyle E. Frank, J.), entered March 4, 2024, which, to the extent appealable, granted plaintiff's motion to renew and, upon renewal, adhered to the order, same court and Justice, entered November 3, 2023, which granted the motion of Decima Fagan, Edward T. Fagan, Seretta Fagan a/k/a Seretta Fagan-Lowe (collectively, the Heirs) to vacate a default judgment, unanimously affirmed, without costs. Appeal from November 3, 2023 order, unanimously dismissed, without costs, as superseded by the appeal from the subsequent order.
The court properly granted the Heirs' motion to vacate the default judgment on the finding that plaintiff commenced this action when defendants Henry Fagan and Rosalina Fagan were already deceased (see Marte v Graber, 58 AD3d 1, 3 [1st Dept 2008]). Because this presents a jurisdictional defect (see id.; see also Maldonado v Law Off. of Mary A. Bjork, 64 AD3d 425, 426 [1st Dept 2009]), the proper ground for vacating the default judgment is lack of jurisdiction under CPLR 5015(a)(4). Accordingly, the Heirs did not need to provide a reasonable excuse for their default or assert a potentially meritorious defense (see Cipriano v Hank, 197 AD2d 295, 298 [1st Dept 1994]; Boorman v Deutsch, 152 AD2d 48, 51 [1st Dept 1989], lv dismissed 76 NY2d 889 [1990]). We reject plaintiff's argument, raised for the first time on appeal in its reply brief, that naming "John Doe" defendants in the complaint's caption was sufficient to avail itself of CPLR 1024, where plaintiff failed to show that it conducted a diligent inquiry into the Heirs' identities before relying on the "John Doe" caption, or that it effectively served the Heirs (see e.g. Goldberg v Boatmax://, Inc., 41 AD3d 255, 256 [1st Dept 2007]; Tucker v Lorieo, 291 AD2d 261, 262 [1st Dept 2002]).
We have considered plaintiff's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025