Rockwell v Bobst (2025 NY Slip Op 06832)

Rockwell v Bobst

2025 NY Slip Op 06832

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 951362/21|Appeal No. 5332|Case No. 2025-00939|

[*1]Melinda Rockwell, Plaintiff-Respondent,
vElmer H. Bobst Deceased, et al., Defendants, John Doe as Executor of the Estate of Mamdouha S. Bobst and His Executors, et al., Defendants-Appellants.

Withers Bergman LLP, New York (Stephen P. Younger of counsel), for appellants.
The Marsh Law Firm PLLC, New York (Robert Y. Lewis of counsel), for respondent.

Order, Supreme Cout, New York County (Alexander M. Tisch, J.), entered January 8, 2025, which denied the motions of defendants Bank of New York Mellon Corporation as Successor to Irving Trust and Executor of the Estate of Elmer H. Bobst, Elmer and Mamdouha S. Bobst Foundation, Carlton C. Rochell, Jr., as co-executor of the estate of Mamdouha S. Bobst and the Elmer H. Bobst and Mamdouha S. Bobst Foundation, and Tricia Nixon Cox, as co-executor of the estate of Mamdouha S. Bobst, to dismiss the complaint pursuant to CPLR 3211(a)(1) and (5), or alternatively, to transfer the action to Surrogate's Court, New York County, unanimously reversed, on the law and the facts, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment accordingly.
The release signed by plaintiff in the context of the 2012 settlement was clear and unambiguous on its face and is reasonably susceptible of only one meaning (see W.W.W. Assoc. v Giancontieri, 77 NY2d 157, 163 [1990]). Paragraph 4 of the release provided that each of the parties, with the exception of the Attorney General, in their individual and representative capacities, released each other and each other's heirs, successors, and assigns from "all claims, causes of action, suits, debts, sums of money, agreements or promises, relating to the estate of Elmer H. Bobst, or testamentary or non-testamentary assets of the estate of Elmer H. Bobst, and the Elmer H. Bobst Trust, dated March 21, 1978, which the parties ever had, now have or hereafter can, shall, or may have had as of the date of this stipulation." Plaintiff's claims under the Child Victims Act fall under the release, as she seeks to recover from the estate of Elmer H. Bobst, the 1978 Trust, and from distributions made from those entities. A "valid release constitutes complete bar to an action on a claim which is the subject of the release," as here (see Centro Empresarial Cempresa S.A. v AmÉrica MÓvil S.A.B. de C.V., 17 NY3d 269, 276 [2011] [internal quotation marks omitted]).
Plaintiff argues that when she signed the release in 2012, she did not consider her claims against Elmer H. Bobst because they were time-barred, and were only later revived by the Child Victims Act CPLR 214-g. However, a release may encompass unknown claims and is effective even where the releasor is not subjectively aware of the precise claim that they are releasing (see Long v O'Neill, 126 AD3d 404, 408 [1st Dept 2015]). The fact that Elmer H. Bobst was not individually named in the 2012 release is immaterial because he was dead at the time it was executed and his estate and a trust he
established were both parties to the 2012 release (see Marte v Graber, 58 AD3d 1, 3 [1st Dept 2008]).
We have considered the parties' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025