153 Valentine LLC v Hawkins (2026 NY Slip Op 50086(U))

[*1]

153 Valentine LLC v Hawkins

2026 NY Slip Op 50086(U)

Decided on January 27, 2026

Civil Court Of The City Of New York, Bronx County

Lutwak, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected in part through February 02, 2026; it will not be published in the printed Official Reports.

Decided on January 27, 2026
Civil Court of the City of New York, Bronx County

153 Valentine LLC, Petitioner (Owner),

againstSheril Scott Hawkins a/k/a Sheryl Hawkins, Voluntary Administrator for the 
 Estate of Dorothy Freeman, [FN1] 
 Respondent (Occupant).

Index No. LT-339977-24/BX

Petitioner's Attorney:ERIC TORRESTHE LAW OFFICE OF ERIC TORRES1188a Grand Concourse, Bronx, NY 10456 
Phone:(718) 293-4700 Service E-mail:[email protected]Respondent's Attorney:ANDREW PAUL REISMAN 
BronxWorks, Inc 
818 River Avenue Suite A, Bronx, NY 10451 
Phone:917 938 1386 Service E-mail:[email protected]

Diane E. Lutwak, J.

Recitation, as required by CPLR Rule 2219(a), of the papers considered in the review of Respondent's motion (seq #1) and Petitioner's cross-motion (seq #2):
PAPERS DOC #Resp's Notice of Motion 1 [NYSCEF Doc #20]Attorney's Affirm in Support 2 [NYSCEF Doc #21]Exhibit A in Support (Summons & Complaint in Foreclosure Action) 3 [NYSCEF Doc #22]Resp's Addendum (1/9/25 Decision/Order in Foreclosure Action) 4 [NYSCEF Doc #23]Pet's Notice of Cross-Motion 5 [NYSCEF Doc #25]Pet's Affirm in Opposition to Motion/Support of Cross-Motion 6 [NYSCEF Doc #26]Pet's Attorney's Affirm in Opp to Motion/Support of Cross-Motion 7 [NYSCEF Doc #27]Resp's Attorney's Affirmation in Opposition to Cross-Motion 8 [NYSCEF Doc #29]Pet's Attorney's Reply Affirmation 9 [NYSCEF Doc #30]
Petition, Notice of Petition, Notice to Quit, Affidavit of Service of Notice to 
Quit, Affirmation of Service of Petition/Notice of Petition, 10-24
Answer, Addenda/Exhibits 1-8 to Answer, Transfer Order [NYSCEF Doc##1,3,4,5,8, 9-18]
Upon the foregoing papers, and for the following reasons, the motion for a stay filed by Respondent Sheril Scott Hawkins a/k/a Sheryl Hawkins, Voluntary Administrator for the Estate of Dorothy Freeman
(Respondent) is marked withdrawn, Respondent's oral motion for summary judgment is denied, Petitioner's motion to strike Respondent's defenses and for summary judgment is granted, and a judgment of possession shall be entered against Respondent, warrant of eviction to issue forthwith, execution stayed through February 28, 2026, "earliest execution date" under RPAPL § 749(1) of March 2, 2026.
BACKGROUND & PROCEDURAL HISTORYThis is a post-foreclosure holdover proceeding against the occupant [FN2]
of condominium unit 7A at 2200 East Tremont Avenue in the Parkchester North Condominium housing development in the Bronx (the apartment). The Petition, dated November 8, 2024, states that 153 Valentine LLC (Petitioner) is the owner of the apartment pursuant to a Referee's Deed in Foreclosure dated June 14, 2024; Dorothy Freeman was a prior record owner of the apartment who is now deceased; and Respondent is an occupant of the apartment. The Petition is based on a Notice to Quit dated September 19, 2024 which, as sworn to in an accompanying process server's affidavit, was hand-delivered to Respondent on October 2, 2024. Attached to the Notice to Quit are various documents including copies of Dorothy Freeman's death certificate; a certified copy of Petitioner's "Referee's Deed in Foreclosure" dated June 14, 2024; and papers filed in the foreclosure proceeding, Bx Co Sup Ct Index # 35097/2020E, entitled Board of Managers of the Parkchester North Condominium, on behalf of the Unit Owners of the Parkchester North Condominium v. Dorothy Freeman, deceased, her respective unknown heirs-at-law, next of kin, distributees, executors, administrators, trustees, devisees, legatees, assignees, lienors, creditors and successors in interest and generally all persons having or claiming under, by or through said defendants who may be deceased, by purchase, lien, inheritance or otherwise, any right, title or interest in the real property described in the complaint, Sheryl Hawkins, as Voluntary Administrator of the Estate of Dorothy Freeman, The United States of America, The People of the State of New York, New York State Department of Taxation and Finance, Charlene Freeman, Velma Karen Scott, including copies of the Summons and Complaint and a number of orders.
A process server's affirmation dated and filed January 17, 2025 asserts personal service of the Notice of Petition, Petition, Notice to Quit and attachments by in-hand delivery to Respondent on January 16, 2025.
The case was initially noticed for an appearance in Intake Part 2 on January 30, 2025 and [*2]then transferred to Resolution Part G. Respondent pro se filed an Answer on February 18, 2025 raising a general denial and defenses of defective service ("I did not get both the notice of petition and petition in the original mandated form"); failure to state her name correctly; "the respondent is dead"; lack of standing based on her assertions that Petitioner is not the landlord or owner and she is not Petitioner's tenant; retaliation for action Respondent took in the foreclosure action, Bronx County Supreme Court Index # 35097/2020E, which Respondent asserts "is fraudulent, and was a nullity since its inception"; and harassment (by leaving messages on her door and starting this proceeding). On July 13, 2025 Respondent filed eight "addenda" to her Answer (Exhibits 1-8) consisting of numerous pages of printouts from ecourts, ACRIS, and other internet websites, many of which appear to relate to the foreclosure action.
Respondent's Exhibit 8 is a copy of the Decision and Order of Supreme Court Acting Justice Ashlee Crawford, dated January 9, 2025 (1/9/25 D/O), denying three motions: one filed by counsel for a non-party claimant, Essence Scott, seeking an order confirming the referee's report of sale and directing the New York City Department of Finance to distribute 20% of the surplus monies to her; and two filed by a non-answering defendant, Velma Scott, appearing without counsel: one seeking to dismiss Essence Scott's claim to the surplus monies and the other for distribution of the surplus monies. In her 1/9/25 D/O, Justice Crawford found that, "to the extent this action was commenced against decedent Freeman after her death, it is a legal nullity from its inception, and the Court lacked jurisdiction over her," citing to Rivera v Bruchim (103 AD3d 700, 959 NYS2d 448 [1st Dep't 2013]), and Marte v Graber (58 AD3d 1, 867 NYS2d 71 [1st Dep't 2008]). Further, "no representative of Dorothy Freeman's estate with the power to administer her real property was ever appointed. Hawkins, as voluntary administrator, could not administer real property on behalf of an estate and this foreclosure action involved decedent's real property." Justice Crawford also noted that the motions were not supported by sworn statements from any of the claimants or potential heirs, "and there is no indication that any meaningful effort has been undertaken to identify and notify all potential heirs or claimants of the surplus." Justice Crawford concluded by denying non-party Essence Scott's and defendant Velma Scott's motions for distribution of the surplus monies without prejudice to renewal following proper administration of the estate of Dorothy Freeman; and, as to defendant Velma Scott's motion to dismiss Essence Scott's claim to surplus monies, granting it to the extent of transferring the foreclosure action to Bronx County Surrogate's Court.
Following a number of conferences in the Resolution Part, on July 17, 2025 this case was transferred to Part X for assignment to a Trial Part by Transfer Order stating, "Case is discontinued as to all respondents other than Sheril Scott Hawkins."
The case was scheduled for a pre-trial conference in Trial Part T on August 26, 2025. Prior to that conference date, Respondent retained counsel who filed first a Notice of Appearance on August 14, 2025 and then, on August 25, 2025, a motion seeking a stay of this proceeding pursuant to CPLR § 2201 pending the outcome of Bronx County Surrogate's Court case #2017-1963A. Petitioner opposed Respondent's motion and filed a cross-motion seeking to strike Respondent's affirmative defenses under CPLR R 3211(b), summary judgment under CPLR R 3212 in the form of a judgment of possession, without prejudice to Petitioner's monetary claims, and reasonable attorney's fees.
At oral argument on January 23, 2026, Respondent's counsel withdrew the CPLR § 2201 [*3]motion for a stay [FN3]
and requested that the Court grant summary judgment to Respondent under the last sentence of CPLR R 3212, which permits the court to grant summary judgment to a party other than the moving party "without the necessity of a cross-motion". The Court granted Respondent's request, and Petitioner's counsel declined the Court's offer to adjourn the matter for Petitioner to file further papers.
Petitioner asks the Court to strike Respondent's defenses for lack of merit and/or insufficient pleading. In their affirmations in support of Petitioner's cross-motion and in opposition to Respondent's motion Petitioner's attorney and Petitioner's agent Jacob Selechnik assert that none of Respondent's defenses have merit and therefore should be stricken: Respondent's "general denial" should be stricken because her Answer also contains subsequent specific denials; Respondent's claim that she was not served with the court papers "in the original mandated form" lacks specificity and Petitioner's papers comply with 22 NYCRR § 208.42 and Chief Administrative Judge Order # 163/2019 dated August 7, 2019; Respondent's claim that she was incorrectly identified is contradicted by the papers filed: Petitioner's papers identify her as "Sheril Scott Hawkins a/k/a Sheryl Hawkins" and Respondent in her Answer identified herself as "Sheryl Hawkins"; Petitioner has standing because it purchased the apartment on April 29, 2024 at a duly conducted foreclosure sale, as evidenced by the Referee's Deed dated June 14, 2024, and commenced this holdover proceeding pursuant to RPAPL §§ 721(3), 721(9) and 713(1); Respondent's claim that "the respondent listed is dead" is insufficiently specific as to which Respondent she is referring to and, "even if a respondent were to be dead, the same will not make the proceeding against Respondent Sheryl Hawkins defective;" Attorney's Affirm at ¶ 62; Respondent's claim of retaliatory eviction lacks merit as it is undisputed she is not a tenant and therefore lacks standing to raise this claim under RPL § 223-b; and Respondent's harassment claim is based on her allegations about the foreclosure action, which resulted in Petitioner becoming the owner pursuant to a referee's deed.
Petitioner argues that Respondent's allegations relating to the foreclosure action concern matters outside the jurisdiction of this Court, which is limited to determining possession, not title. Petitioner points out that no court has vacated the judgment of foreclosure, voided the sale, or stayed the transfer of title and no proof has been shown that Respondent has petitioned Surrogate's Court or Supreme Court for an order vacating the foreclosure, quieting title, or issuing any other injunctive relief concerning title to the property; Respondent occupies the apartment without license or permission from Petitioner and any possessory interest she may have had terminated upon the foreclosure sale. Petitioner argues that Respondent's claims are speculative, and "Even if the Surrogate's Court were eventually to issue directions regarding the administration of the decedent's estate concerning the surplus money funds, such directions would not retroactively invalidate Petitioner's title." Affirm of Jacob Selechnik dated 11/17/25 at ¶ 25. Petitioner argues that it purchased the apartment in reliance on the final judgment entered in the foreclosure action and cites to, inter alia, Da Silva v Musso (76 NY2d 436, 440, 560 NYS2d 109, 111, 559 NE2d 1268, 1270 [1990]), for the proposition that the order directing a foreclosure sale "represents a valid and conclusive adjudication of the parties' substantive rights, unless and until it is overturned on appeal." Affirm of Pet's Attorney dated 11/17/25 at ¶ 24.
Petitioner further argues that it should be granted summary judgment as there are no [*4]issues of triable fact: Petitioner has proven that it owns the apartment; properly terminated Respondent's license; and properly served Respondent with the court papers.
In opposition, and in support of Respondent's oral request that summary judgment be granted to her, not to Petitioner, Respondent agrees that there are no disputed facts for trial and argues, "Title rests with the estate of Dorothy Freeman, as the foreclosure action was deemed a legal nullity by the court in which it was commenced." Affirm of Resp's Attorney dated 12/25/25 at ¶ 6. Respondent's attorney cites to, inter alia, the cases Supreme Court Justice Ashlee Crawford cited in her 1/9/25 D/O and argues that Justice Crawford "voided the entire proceeding as against Dorothy Freeman's estate, including the judgment," id. at ¶ 19. At oral argument Respondent's counsel cited to US Bank, NA v Bernhardt (88 AD3d 871, 931 NYS2d 266 [2nd Dep't 2011]), a foreclosure action in which the lower court had found that personal jurisdiction over the defendant owner of the foreclosed-upon property had not been acquired but then denied that branch of the defendant's motion to set aside a foreclosure sale. In reversing on the second prong, the Appellate Division held, "once the Supreme Court concluded that personal jurisdiction over Bernhardt was lacking, it should have granted that branch of Bernhardt's motion which was to set aside the foreclosure sale."
In the alternative Respondent argues, "Petitioner's claim to title is nebulous at best," id. at ¶ 21, and the Court should find that there are issues of fact precluding summary judgment.
On reply, Petitioner argues that Respondent raises no triable issues of fact; does not dispute Petitioner's purchase of the apartment at a foreclosure sale or that Petitioner holds title pursuant to a referee's deed; and does not identify any order vacating the judgment of foreclosure, voiding the foreclosure sale, setting aside the deed, or staying the transfer of title. Petitioner cites to Yesmin v Aliobaba, LLC (241 AD3d 9, 235 NYS3d 372 [2nd Dep't 2025]), which held that "a referee's deed is not rendered void merely because a foreclosure judgment is later challenged or reversed, particularly where the judgment was not found void for lack of personal jurisdiction." Reply Affirm dated 1/22/26 at ¶ 11.
DISCUSSIONThe question underlying the parties' motions for summary judgment is the effect on this holdover eviction proceeding of Supreme Court Justice Ashlee Crawford's Decision and Order dated January 9, 2025 in the foreclosure action, Bronx Co. Sup. Ct. Index # 35097/2020E, holding that, "to the extent this action was commenced against decedent Freeman after her death, it is a legal nullity from its inception, and the Court lacked jurisdiction over her". This Court finds that Justice Crawford's 1/9/25 D/O does not prohibit this case from going forward or undermine Petitioner's claim that it is entitled to bring this proceeding as owner of the apartment.
Noticeably absent from the 1/9/25 D/O is any language vacating the judgment of foreclosure, voiding the foreclosure sale, setting aside the deed, dismissing the proceeding, or otherwise affecting the transfer of title to the apartment to Petitioner. Rather, Justice Crawford transferred the action to Surrogate's Court. Further, whereas the caption of the proceeding at the time of the 1/9/25 D/O included the following long list of Respondents—"DOROTHY FREEMAN, deceased, her respective unknown heirs-at-law, next of kin, distributees, executors, administrators, trustees, devisees, legatees, assignees, lienors, creditors and successors in interest and generally all persons having or claiming under, by or through said defendants who may be deceased, by purchase, lien, inheritance or otherwise, any right, title or interest in the real property described in the complaint, SHERYL HAWKINS, as Voluntary Administrator of the ESTATE OF DOROTHY FREEMAN, THE UNITED STATES OF AMERICA, THE PEOPLE OF THE STATE OF NEW YORK, NEW YORK STATE DEPARTMENT OF TAXATION [*5]AND FINANCE, CHARLENE FREEMAN, VALMA KAREN SCOTT"—the finding that the action was "a legal nullity from its inception", was specifically only "to the extent this action was commenced against decedent Freeman after her death". Significantly, the 1/9/25 D/O did not find that the action was a legal nullity as against any of the other numerous Respondents.
Judge Crawford cited two cases in support of her determination: Rivera v Bruchim (103 AD3d 700, 959 NYS2d 448 [1st Dep't 2013]), and Marte v Graber (58 AD3d 1, 867 NYS2d 71 [1st Dep't 2008]). In Bruchim, an action to recover damages for personal injuries, the Appellate Division vacated the lower court's order denying a motion to dismiss the complaint as against defendant Jacob Bruchim and granting plaintiffs' cross-motion to appoint a temporary administrator of his estate and to amend the complaint to add the administrator as a defendant. In doing so the court held, "The death of Jacob Bruchim prior to the commencement of this action rendered the action, insofar as asserted against him, a legal nullity from its inception." [Emphasis added.] In Graber, a legal malpractice action, the Appellate Division reversed the lower court's order granting a motion to substitute the defendant's personal representative for the defendant who had died three months before the filing of the summons and complaint and dismissed the action, finding, "the action from its inception was a nullity since it is well established that the dead cannot be sued." Compare also, e.g., Maldonado v Law Off of Mary A Bjork (64 AD3d 425, 882 NYS2d 118 [1st Dep't 2009]) (reversing lower court and dismissing a personal injury action as a nullity from its inception as the sole defendant named had died prior to commencement of the case).
Here, contrary to what Respondent argues, the entire foreclosure action was not found to be a legal nullity and Justice Crawford in her 1/9/25 D/O did not "void[ ] the entire proceeding as against Dorothy Freeman's estate, including the judgment". Rather, the 1/9/25 D/O found the action to be a nullity only as to one defendant, Dorothy Freeman—who was named in the original caption as "deceased" and whose date and place of death were described in the foreclosure action Complaint—and not as to her estate nor as to any of the other named defendants. The limited nature of Justice Crawford's "nullity" finding is further evident from the fact that the 1/9/25 D/O went on to deny the motions of a non-party and a non-answering defendant seeking distribution of the surplus monies, "without prejudice to renewal following a proper administration of the estate of Dorothy Freeman". The judgment of foreclosure was not vacated, the referee's deed was not voided, and the case was not dismissed but rather transferred to the Bronx County Surrogate's Court "for the proper administration of decedent Freeman's estate." While the 1/9/25 D/O perhaps could have followed US Bank, NA v Bernhardt, supra, by vacating the judgment and voiding the deed, it did not do so and neither a pending appeal of the 1/9/25 D/O nor any development in the Surrogate's Court matter after Justice Crawford transferred the foreclosure action has been brought to this Court's attention.
Other than the arguments challenging Petitioner's standing and the validity of its title, which, as set forth above, this Court rejects, Respondent did not respond to Petitioner's motion seeking an order striking Respondent's defenses as lacking in merit and/or sufficient specificity and granting summary judgment to Petitioner. On this basis alone the Court can grant the motion. Further, Petitioner is correct that Respondent's defenses lack merit. Respondent's claim that she was not served with the court papers "in the original mandated form" was not supported by any factual allegations of non-compliance with 22 NYCRR § 208.42 or contradicting the affirmations of Petitioner's process servers [NYSCEF Doc ## 4 & 8] which reflect in-hand, personal delivery of the Notice to Quit, Notice of Petition and Petition to Respondent. Respondent in her Answer confirms that Petitioner's papers properly identify her as "Sheril Scott [*6]Hawkins a/k/a Sheryl Hawkins", as she identified herself as "Sheryl Hawkins". Respondent's claim that "the respondent listed is dead" clearly does not refer to herself, and there are no other Respondents remaining in this case. Respondent's claim of retaliatory eviction lacks merit as RPL § 223-b does not apply to her; as she herself asserted in her Answer, she is not a tenant. See Kenilworth Equities Ltd v DiDonato (8 Misc 3d 130[A], 801 NYS2d 778 [App Term 2nd Dep't 2005]); Rogers v Payne (65 Misc 3d 1210[A], 119 NYA3d 10 [Civ Ct Qns Co 2019]). Finally, Respondent has failed to state a claim under the City's anti-harassment housing statute, NYC Tenant Protection Act, Housing Maintenance Code, NYC Admin Code § 27-2005(d). This statute, "protects residential tenants from harassment by building owners," and was enacted "to address a perceived effort by landlords to empty rent-regulated apartments by harassing tenants into giving up their occupancy rights ...." Aguaiza v Vantage Props (69 AD3d 422, 423, 893 NYS2d 19 [1st Dept 2010]). Respondent's claims of harassment arise primarily out of her factual allegations that Petitioner lacks standing, which this Court has rejected. Other allegations pertaining to the foreclosure action, which Petitioner was not a party to, do not implicate Petitioner. That Petitioner's agents left notes on the door to the apartment in an effort to communicate with the occupants [see Respondent's Addendum to Answer/Exhibit 3, NYSCEF Doc #12], does not constitute harassment as defined in NYC Admin Code § 27-2004(48).
The proponent of a summary judgment motion under CPLR R 3212 must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence in admissible form to demonstrate the absence of any material issues of fact. Winegrad v New York Univ Med Center (64 NY2d 851, 476 NE2d 642, 487 NYS2d 316 [1985]); Zuckerman v New York (49 NY2d 557, 404 NE2d 718, 427 NYS2d 595 [1980]). Once this showing has been made, the burden shifts to the opposing party to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action; mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient. Alvarez v Prospect Hospital (68 NY2d 320, 324, 501 NE2d 572, 508 NYS2d 923, 925-926 [1986]); Zuckerman v New York (49 NY2d at 562, 427 NYS2d at 598). A motion for summary judgment should be granted where "[n]othing but conclusory assertion is offered" in opposition. Friends of Animals, Inc v Associated Fur Mfrs (46 NY2d 1065, 1068, 390 NE2d 298, 299, 416 NYS2d 790, 792 [1979]).
Petitioner has met its burden of proof as moving party. As to the material facts, Petitioner's filings on NYSCEF include copies of all documents needed to establish its prima facie case under RPAPL § 713(1), which permits an eviction proceeding to be brought, after service of a ten-day notice to quit pursuant to RPAPL § 735, where the property has been sold "by virtue of an execution against him or a person under whom he claims and a title under the sale has been perfected." Petitioner has established that it is the owner of the apartment pursuant to a Referee's Deed (certified copy attached to Notice to Quit, NYSCEF Doc # 3); it terminated any license Respondent had to occupy the apartment by Notice to Quit that was hand-delivered to her (NYSCEF Doc ## 3 and 4); and it commenced this proceeding by timely filing proper papers that were hand-delivered to Respondent (NYSCEF Doc # 8). As Petitioner has met its initial burden of showing that it is entitled to possession of the premises, the burden shifts to Respondent to produce evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of fact. Haroust Corp v Yuen Chung Chin (155 AD2d 317, 547 NYS2d 289, 290 [1st Dep't 1989]). As set forth above, Respondent failed to establish that she herself is entitled to summary judgment and dismissal of this proceeding and raised no material issues of fact as to any of the elements of Petitioner's case.
CONCLUSIONBased on the foregoing, it is hereby ORDERED that Respondent's motion for a stay is marked withdrawn; Respondent's oral motion for summary judgment is denied; Petitioner's cross-motion to strike Respondent's defenses and for summary judgment is granted; Respondent's defenses are stricken and summary judgment is awarded to Petitioner; and the Clerk shall enter a judgment of possession in favor of Petitioner and against Respondent. Petitioner's monetary claims are denied without prejudice. The warrant of eviction shall issue forthwith, execution stayed through February 28, 2026 for Respondent to vacate, and the "earliest execution date" under RPAPL § 749(1) shall be March 2, 2026. This constitutes the Court's Decision and Order, which is being uploaded on NYSCEF.
Diane E. Lutwak, HCJDated: January 27, 2026Bronx, New York

Footnotes

Footnote 1:The original caption included as additional Respondents, "THE ESTATE OF DOROTHY FREEMAN, CHARLENE FREEMAN, VALMAN KAREN SCOTT, "JOHN DOE", "JANE DOE", and/or "MARY DOE". Housing Court Judge Rumprecht-Behrens' order dated July 17, 2025, which transferred the case from a Resolution Part to the Housing Part Expediter for assignment to a Trial Part, discontinued the case "as to all respondents other than Sheril Scott Hawkins".

Footnote 2:See fn 1, supra.

Footnote 3:As Respondent withdrew that motion for a stay, there will be no further discussion of it in this Decision and Order.